[Cite as *In re Guardianship of Swartz*, 196 Ohio App.3d 348, 2011-Ohio-4179.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

In re Guardianship of Swartz;

Swartz et al.,                                    Case No. 2-10-40

      Appellants;

Wildermuth,                             OPINION

      Appellee.

Appeal from Auglaize County Common Pleas Court
Probate Division
Trial Court No. 2009 GDN 00027

Judgment Reversed and Cause Remanded

Date of Decision:   August 22, 2011

APPEARANCES:

        **John S. Compton**, for appellant, Dorothy M. Swartz.

        **Joan K. Clellan**, pro se.

        **James L. Thieman**, for appellee, Joyce Wildermuth.

**ROGERS, Presiding Judge.**

{¶ 1}  Appellant Dorothy Swartz appeals the final order of the Court of Common Pleas of Auglaize County, Probate Division, finding her incompetent and appointing appellee, Joyce Wildermuth, as guardian of her person and estate.  Swartz takes issue with the denial of her motion for summary judgment for lack of personal jurisdiction. Finding that the probate court should have dismissed the application for guardianship for lack of proper service, we reverse the judgment of the probate court.

{¶ 2}  Appellant Joan Clellan, an attorney licensed in the state of Ohio, also filed an appeal of the foregoing judgment of the Court of Common Pleas of Auglaize County, Probate Division, arguing that the probate court abused its discretion by not dismissing the case for lack of proper service upon and lack of personal jurisdiction over Dorothy, that the probate court's finding of incompetence was against the manifest weight of the evidence, and that the probate court abused its discretion in awarding guardianship to an unsuitable and unqualified person.  Finding that Joan does not have standing to file an appeal in this proceeding, we dismiss her appeal.

{¶ 3}  On August 27, 2009, Joyce, daughter of Dorothy, filed an application for appointment of guardian of Dorothy Swartz, alleged incompetent, in Auglaize County, alleging that Dorothy resided or had legal settlement in Auglaize County and listing Dorothy's address as 13399 Santa Fe Line Rd., Wapakoneta, Ohio 45895 ("Wapakoneta

address"). With the application, Joyce filed an affidavit in lieu of an expert evaluation and an exhibit explaining that she had previously filed a guardianship action in Franklin County, but that that action was dismissed for failure to obtain service on Dorothy.

{¶ 4} A hearing was scheduled for December 4, 2009, and notice was mailed to Joan (Dorothy's daughter, who held Dorothy's power of attorney at that time and who was a licensed attorney), Joyce, Dorothy, and attorney James Thieman. On November 24, 2009, Joan was served with a subpoena to appear at the hearing. Neither Joan nor Dorothy appeared at the hearing. Joyce was appointed temporary guardian for Dorothy Swartz, and a second hearing was scheduled for January 8, 2010. The judgment entry was sent to Joan, Dorothy, and Joyce by regular mail. Joan's was returned to the court marked "RETURN TO SENDER NO MAIL RECEPTACLE UNABLE TO FORWARD." Service was perfected on Joan on December 19, 2009, by certified mail.

{¶ 5} The probate court held a second hearing on January 8, 2010. The judgment entry reflects that Joyce and Joan were present, but not Dorothy. In its journal entry filed January 11, 2010, the probate court stated:

> [T]he Court has become concerned about the whereabouts, health, and safety of Dorothy Mae Swartz. * * * The last persons to have any custody or control over Mrs. Swartz was [sic] her daughter, Joan Clellan and her husband. Mrs. Clellan has testified that she did not know where her mother now is and that the last time she saw her she left with a female, distant relative, of Ms. Clellans [sic] father and a Mexican male. She claims that she does not know where her mother is or what has become of her.

The probate court then ordered that all powers of attorney be temporarily voided until further order of the court.

{¶ 6} On February 24, 2010, Joyce filed a motion for emergency guardianship of Dorothy. In her memorandum in support, Joyce stated that a joint investigation on behalf of the Auglaize County Sheriff's Department, the Franklin County Sheriff's Department, and the Charlotte County, Florida Sheriff's Department revealed that Dorothy had been residing in Port Charlotte, Florida, since March 17, 2009. The motion also stated that Dorothy had lived in Auglaize County her entire life, was taken to Franklin County by Joan, and then released by Joan to unknown people to be taken to Florida. The probate court granted Joyce's motion, appointing her as emergency guardian for 72 hours, which the court later extended. The probate court scheduled a hearing on the application for guardianship for March 30, 2010.

{¶ 7} Notice of the March 30, 2010 hearing was sent by certified mail and by regular mail to Dorothy at her address in Port Charlotte, Florida on March 1, 2010. The certified mailing was returned March 27, 2010. The regular mailing was returned March 26, 2010, marked "UNDELIVERABLE AS ADDRESSED UNABLE TO FORWARD." On March 25, 2010, attorney John Compton filed a notice of limited appearance along with an affidavit by Dorothy, challenging the probate court's jurisdiction. Specifically, Dorothy asserts that she had not been a resident of the state of Ohio for any time pertinent to the guardianship matter; that she has been a resident of the state of Florida since March

-4-

17, 2009, and intends that Florida be her state of residence; that service has never been perfected on her as required by R.C. 2111.04; that she has never waived service; and that she has not returned or had any contacts with the state of Ohio since March 17, 2009, five and a half months before the application for guardianship was filed. Further, through her affidavit, Dorothy testified that she has not been a resident of Auglaize County since November 13, 2007, and that she has never been adjudged mentally incompetent.

{¶ 8} On May 28, 2010, Dorothy filed a motion for summary judgment pursuant to Civ.R. 56 for lack of personal or subject-matter jurisdiction. On September 7, 2010, the probate court denied Dorothy's motion for summary judgment, finding:

> The [a]ffidavits that have been presented essentially present no new information to the court that would convince the court that Mrs. Swartz is anything other than a resident of Auglaize County and that she has been served or constructively served. Mrs. Swartz still is part owner in real estate in Auglaize County, may have been involuntarily removed from Auglaize County and *has been constructively served at a minimum, by virtue of service upon her purported power of attorney.*

(Emphasis added.)

{¶ 9} The probate court scheduled the matter for a final hearing on the guardianship application for December 7, 2010. The docket reflects that copies of this judgment entry setting the matter for a final hearing were sent by regular mail to Dorothy and her attorney. Dorothy's attorney was present in a limited capacity to challenge jurisdiction at this hearing. After the hearing, the probate court found that Dorothy is

incompetent by reason of dementia, that she is incapable of taking proper care of herself and her property, and that a guardianship is necessary. The probate court also found that "all persons who were entitled to notice of the hearing thereon were given or waived notice thereof.." Ultimately, the probate court appointed Joyce guardian of Dorothy's person and estate.

{¶ 10} On December 27, 2010, Dorothy filed a notice of appeal, asserting the following assignments of error for our review.

*Assignment of Error No. I*

The court erred in finding that it had jurisdiction over the appellant on the following basis, "She has been served or constructively served" in this action.

*Assignment of Error No. II*

The court erred in finding that the appellant was a resident of Auglaize County and or had legal settlement therein at all times pertinent to this action.

*Assignment of Error No. III*

The court's judgment is not sustained by the evidence and is against the manifest weight of the evidence.

{¶ 11} Joan asserts the following assignments of error for our review.

*Assignment of Error No. I*

The probate court abused its discretion by not dismissing this case when it acknowledged that appellant Swartz had not been served with notice of appellee's application for guardianship; in finding that notice had been waived by appellant; in finding that

appellant is a resident of Auglaize County or has legal settlement therein and has been constructively served through a voided power of attorney.

*Assignment of Error No. II*

The probate court erred by finding appellant Swartz incompetent against the manifest weight of the evidence.

*Assignment of Error No. III*

The probate court abused its discretion by making guardian an unsuitable and unqualified person.

{¶ 12} We will address Dorothy's assignments of error first.

*Dorothy's Assignment of Error No. I*

{¶ 13} In her first assignment of error, Dorothy asserts that the probate court erred as a matter of law in finding that it had perfected service upon her as required by law. She argues that R.C. 2111.04 requires that service of process upon the person for whom appointment is sought must be done by personal service. Dorothy asserts that at no time did the court ever find that personal service had been perfected in accordance with the statute. We agree.

{¶ 14} Joyce contends that the probate court did not err in denying the motion for summary judgment, as Dorothy did not present any evidence in support of her motion that was properly before the court. Further, Joyce argues that the December 7, 2010 judgment entry reflects the probate court's finding that Dorothy was served or had

waived service, and in the absence of the hearing transcript of December 7, 2010, this court must presume that the probate court's findings are valid. We disagree.

{¶ 15} The issue of whether service was properly perfected pursuant to R.C. 2111.04 involves the probate court's proper application of law. Thus, our standard of review is de novo. *In re Guardianship of Baker*, 5th Dist. No. 07CA00065, 2008-Ohio-5079, ¶36.

{¶ 16} R.C. 2111.04(A)(2) requires:

> In the appointment of a guardian of an incompetent, notice shall be served:
>
> (a)(i) Upon the person for whom appointment is sought by *personal service* by a probate court investigator, or in the manner provided in (A)(2)(a)(ii) of this section.
>
> (ii) If the person for whom appointment is sought is a resident of, or has a legal settlement in, the county in which the court has jurisdiction, but is absent from that county, the probate court may designate, by order, a temporary probate court investigator * * * to make the *personal service,* of the notice described in division (A)(2)(a)(i) of this section *upon the person for whom appointment is sought*.
>
> * * *
>
> (C) *Notice may not be waived by the person for whom the appointment is sought.*

(Emphasis added.)

{¶ 17} Personal service is defined in Civ.R. 4.1(B), which requires:

> When process issued from * * * a court of common pleas or a county court is to be served personally, the clerk of the court shall deliver the process and sufficient copies of the process and complaint, or other document to be served, to the sheriff of the county in which the party to be served resides or may be found * * * The person serving process *shall locate the person to be served* and shall tender a copy of the process and accompanying documents *to the person to be served*.

{¶ 18} Further, R.C. 2111.04(A) prohibits probate courts from appointing a guardian of the person or the estate until at least seven days after the probate court has caused written notice to be served on the person for whom appointment is sought.

{¶ 19} In interpreting R.C. 2111.04(A), Ohio courts have held that a probate court is without jurisdiction to appoint a guardian until the statutorily required time period after which personal service must be perfected upon the alleged incompetent expires. *In re Guardianship of Corless* (1981), 2 Ohio App.3d 92, 93, citing *In re Guardianship of Reynolds* (1956), 103 Ohio App. 102, 106.

{¶ 20} To perfect personal service, either the sheriff or another person appointed by the court must locate the person to be served and tender a copy of the process and accompanying documents to that person. Civ.R. 4.1. R.C. 2111.04 mandates that the person for whom guardianship is sought must be personally served, a requirement that cannot be waived. A thorough review of the record reveals that personal service was never perfected on Dorothy.

{¶ 21} In August 2009, Joyce filed the application for appointment of guardianship over Dorothy as an alleged incompetent, listing Dorothy's address as the Wapakoneta address. The notice of the application was sent via regular mail to that address. Not only is this insufficient, as regular mail does not constitute personal service, but Dorothy had not lived at that address for two years.[1] When Dorothy was finally located in Florida, personal service was still never perfected on her. The record reveals that the notice of the final hearing on Joyce's application, scheduled for December 4, 2010, was mailed via regular U.S. mail to Dorothy on October 4, 2010. The record is devoid of any indication that Dorothy was ever served personally, even after she was located in Florida.

{¶ 22} Because of the probate court's failure to perfect service on Dorothy in accordance with R.C. 2111.04(B)(1), the probate court was without jurisdiction to find Dorothy incompetent or appoint a guardian. The probate court, therefore, should have dismissed the case.

{¶ 23} Further, the probate court erred by finding that Dorothy had been "constructively served, at a minimum, by virtue of service upon her purported power of attorney." The probate court found that because Joan, the daughter with whom Dorothy was living for some time in Franklin County, was served by certified mail, Dorothy was

---

[1] Prior to the filing in Auglaize County, Joyce filed an application for guardianship in Franklin County, asserting that Dorothy was living in Franklin County with Joan and her husband. Pursuant to Joyce's own affidavit, that case was dismissed for failure to locate and serve Dorothy.

constructively served.[2]  In *Corless,* the Twelfth District Court of Appeals held that the probate court was without jurisdiction to appoint a guardian or issue a finding of incompetency, as the alleged incompetent's custodian was personally served, not the alleged incompetent.  Similarly, in the instant case, the probate court erred in finding that Dorothy was constructively served by virtue of the service on her attorney-in-fact.

**{¶ 24}** Moreover, the probate court's judgment entry on December 7, 2010, was contrary to law in that the probate court held that "[t]he court further finds that all persons who were entitled to notice of the hearing thereon were given or waived notice thereof * * *."  A person over whom guardianship is sought cannot waive service.  R.C. 2111.04(C).

**{¶ 25}** Because service over Dorothy was never perfected in accordance with R.C. 2111.04, and because neither constructive service nor waiver of service satisfies the due-process requirement of notice in this case, we sustain Dorothy's first assignment of error.

**{¶ 26}** Accordingly, Dorothy's other assignments of error raised on appeal are moot.  App.R. 12(A)(1)(c).  However, this court is compelled to address these issues in the interest of judicial efficiency.

*Dorothy's Assignments of Error Nos. II and III*

**{¶ 27}** Due to the nature of Dorothy's second and third assignments of error, we elect to address them together.  Dorothy argues that the court's judgment was erroneous,

---

[2] This ignores Dorothy's affidavit, which states that she had not been living in Franklin County since March 17, 2009.  Joan was served December 19, 2009, by certified mail.

-11-

as Joyce provided insufficient evidence to establish that Dorothy lived in Auglaize County. Specifically, Dorothy asserts that the only basis for the probate court's finding of residency was that she is part owner of real estate in Auglaize County and may have been involuntarily removed from that location. Further, Dorothy argues that the evidence overwhelmingly supports the fact that she is a resident of the state of Florida.

{¶ 28} Joyce contends that the probate court did not err in its finding, as Dorothy did not properly provide the probate court with evidence. Specifically, Joyce argues that the documents Dorothy provided in support of her motion for summary judgment failed to comply with Civ.R. 56(C) in that they were not based on personal knowledge, were not statements made under oath, or were not supported by affidavits. Joyce argues, therefore, that the probate court did not err when it denied her motion for summary judgment and, further, that it did not abuse its discretion in appointing Joyce as guardian over Dorothy.

{¶ 29} In guardianship proceedings, the burden is on the applicant to establish residency or legal settlement of the proposed ward. Cf. *LeSueur v. Robinson* (1988), 53 Ohio App.3d 9, 12-13 (for the proposition that the party asserting a change in domicile bears the burden of proving that the domicile has changed when the ward/testator was originally domiciled in the county in which the proceedings were initially filed but subsequently moved); R.C. 2111.02. Both residency and legal settlement require, at a minimum, that "the proposed ward actually dwell in the county seeking to exercise its

jurisdictional power over the appointment of a guardian." Id., citing *In re Guardianship of Rawlins* (June 8, 1983), Marion App. No. 9-82-47.

{¶ 30} In this case, the record reflects no evidence to establish that Dorothy's residence or legal settlement was in Auglaize County, as Dorothy was neither present in nor dwelled in Auglaize County at any point in time during the guardianship proceeding. The only documentation provided by Joyce to establish Dorothy's residence was her application for appointment of a guardian, in which she asserts that Dorothy lived at the Wapakoneta address. Had Dorothy been properly served at that address, residency would not have been an issue. However, in light of the evidence that establishes that service was not perfected on Dorothy, that Dorothy was not located in Auglaize County, and that neither daughter knew where Dorothy was until she was located in Florida, in addition to the probate court's own statements regarding its concern for Dorothy's whereabouts, we find that Joyce failed to meet her burden and that there was insufficient evidence to establish that Dorothy's residence or legal settlement was in fact in Auglaize County.[3]

{¶ 31} Accordingly, the trial court erred in finding Dorothy incompetent and appointing a guardian without first finding that she resided in or had legal settlement in

---

[3] Rather, the record reflects that the trial court was more focused on whether Dorothy was incompetent, and if she was found to be incompetent, then her residency in Florida would be rendered involuntary and she would still have been a resident in Auglaize County. This analysis is misplaced, as the probate court first should have located Dorothy and then analyzed her incompetency. We also note that Joyce had previously alleged in her application for guardianship filed in Franklin County that Dorothy was a resident of Franklin County.

Auglaize County. Therefore, Dorothy's second and third assignments of error are well taken.

*Joan's Assignments of Error*

{¶ 32} Notwithstanding the resolution of Dorothy's assignments of error, this court is compelled to address Joan's standing to file an appeal.

{¶ 33} Attorney John Compton filed a notice of appearance for Dorothy on March 25, 2010. The record also reveals that Joan appears in this proceeding as next of kin of Dorothy Swartz and as attorney for Stella Townsend (a witness and Joan's mother-in-law). Joan claims also to represent her mother, Dorothy Swartz. However, the record indicates that Joan did not file a notice of appearance as counsel for her mother or even as co-counsel with John Compton. Joan, however, filed her merit brief and argued at oral arguments on behalf of herself as next of kin as well as on behalf of her mother. Notwithstanding the ethical implications of her appearance and purported representation, we hold that Joan does not have standing to file an appeal according to *In re Guardianship of Santrucek*, and we dismiss her notice of appeal.

{¶ 34} In *Santrucek,* the Ohio Supreme Court held that in a guardianship proceeding, in order to have standing to appeal the decision of a probate court, the person seeking to appeal must have been a party to those proceedings. 120 Ohio St.3d 67, 2008-Ohio-4915, ¶ 14. The Supreme Court stated that mere relation to the party for whom guardianship is sought is insufficient to confer party status. Id. Because of the

nonadversarial nature of guardianship proceedings, one seeking to appeal must either (1) have an interest adverse to the ward's or (2) have otherwise been aggrieved in some manner by the order. Id. at ¶ 5. In order to establish party status in guardianship proceedings, one may, inter alia, file an application for appointment of a guardian or file a motion to intervene. Id. at ¶10.

{¶ 35} In the present case, Joan's status as next of kin, without at the very least alleging an interest adverse to Dorothy's or having been aggrieved by the order, fails to establish party status. Her representation of a witness in the case or her purported representation of her mother are also wholly insufficient to establish party status. Further, her brief argues the same substantive and procedural issues as Dorothy's brief, which in itself establishes that Joan's interests are aligned with, not adverse to, Dorothy's. Because Joan is not a party to the proceedings, her notice of appeal must be dismissed, and her assignments of error need not be addressed.

{¶ 36} Having found that Joan is without standing to file an appeal, we dismiss her appeal. Having found error prejudicial to appellant Dorothy Swartz herein, as the application for guardianship should have been dismissed, we reverse and remand this case to the probate court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PRESTON, J., concurs.

-15-

WILLAMOWSKI, J., concurs in judgment only.