[Cite as *CUC Properties VI, L.L.C. v. Smartlink Ventures, Inc.*, 2021-Ohio-3428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CUC PROPERTIES VI, LLC, | : | APPEAL NO. C-210003<br>TRIAL NO. A-2002292 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| SMARTLINK VENTURES, INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed in Part, Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  September 29, 2021

*Finney Law Firm, Chris Finney* and *Julie Gugino* for Plaintiff-Appellee,

*Thomas Law Offices* and *Louis C. Schneider* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Neither snow nor rain nor gloom of night can stop our trusted mail carriers from completing their rounds. Unfortunately, however, Covid-19 prevented them from getting close enough during those deliveries to obtain signatures on certified mail. When plaintiff-appellee CUC Properties attempted to serve defendant-appellant Smartlink Ventures with a summons and complaint via certified mail during the pandemic, the mail carrier failed to obtain a signature from the recipient. Instead, the postal employee jotted down "Covid 19" and "C19" on the return receipt. At issue is whether such a notation constitutes a valid signature to effectuate certified mail service under Civ.R. 4.1. We conclude that it does not on the record before us. Because we find deficiency in service of process, we vacate the trial court's entry of default judgment for a lack of personal jurisdiction.

I.

{¶2} The relevant facts in this case are straightforward and largely undisputed. Smartlink leased office space from CUC Properties, but vacated the property during the midst of the Covid-19 pandemic. With no rent checks coming in, CUC sued Smartlink, electing to have the clerk of courts serve the summons and complaint via certified mail consistent with Civ.R. 4.1(A)(1)(a). The clerk dutifully sent the summons and complaint to Smartlink's registered agent and to its principal place of business, but no person at either location ever signed for the certified mail. Rather, the mail carriers handwrote "Covid 19" and "C19" on the respective signature lines, in contravention of the United States Postal Service ("USPS") guidelines put in place for the exigent circumstances created by the Covid-19 pandemic.

{**¶3**}  To reduce health risks during the pandemic, the postal service modified mail procedures for services that normally required carriers to venture in close proximity to customers.  United States Postal Service, *Covid-19 Continuity of Operations Update* (Mar. 20, 2021), https://about.usps.com/newsroom/service-alerts/pdf/usps-continuity-of-operations-03-20-2020.pdf (accessed Sep. 16, 2021).  In lieu of face-to-face signatures, USPS instructed its carriers to maintain a safe distance, ask the recipient for their first initial and last name, enter that information on the return receipt, and then have the customer step back while the employee placed the mail in an appropriate place.  CUC alleges the postal employee followed this practice at Smartlink's principal place of business by signing the receipt "C19" and "Covid 19."

{**¶4**}  Smartlink did not respond to the lawsuit until a few months later—the very day that the trial court granted a default judgment in CUC's favor.  Smartlink now appeals that default judgment with a single assignment of error, arguing the trial court lacked jurisdiction to enter the default judgment due to improper service.

II.

{**¶5**}  This case requires us to tour several foundational principles of civil procedure.  "Under Civ.R. 55, when a party defending a claim has 'failed to plead or otherwise defend,' the court may, upon motion, enter a default judgment on behalf of the party asserting the claim."  *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 120, 502 N.E.2d 599 (1986), quoting Civ.R. 55(A).  But to possess power to issue a valid judgment, it is well settled that the trial court must have jurisdiction over the parties.  *See MB W. Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 29 ("[A] 'trial

court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings.' "), quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. Moreover, "[s]ervice of the summons and complaint ' "is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." ' " *During v. Quoico*, 2012-Ohio-2990, 973 N.E.2d 838, ¶ 25 (10th Dist.), quoting *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445, 66 S.Ct. 242, 90 L.Ed. 185 (1946). Thus, "[i]n the absence of service of process or the waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as a defendant." *Williams v. Gray Guy Group, L.L.C.*, 2016-Ohio-8499, 79 N.E.3d 1146, ¶ 18 (10th Dist.), citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). *See Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 9 ("Proper service of process is a prerequisite to a court exercising personal jurisdiction.").

{¶6} Moreover, service of process in Ohio cannot be proper unless it complies with the Ohio Rules of Civil Procedure (along with due process concerns). "When service is not properly made under Civ.R. 4 to 4.6, the trial court lacks jurisdiction over the defendant who was not properly served; consequently, any judgment issued against that defendant is void." *Treasurer of Lucas Cty. v. Mt. Airy Investments Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 12. *See In re X.Q.*, 8th Dist. Cuyahoga No. 107851, 2019-Ohio-1782, ¶ 12 ("A valid court judgment

4

requires both proper service under the applicable Ohio rules and adequate notice under the Due Process Clause."); *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 22 ("Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio."); *see also Hubiak v. Ohio Family Practice Ctr.*, 2014-Ohio-3116, 15 N.E.3d 1238, ¶ 11 (9th Dist.) (holding that service via Federal Express would be improper when it had not yet been authorized by the civil rules in spite of a standing order by the court permitting service by commercial carrier).

{¶7} The issue before this court is a narrow one: does a mail carrier's "Covid 19" or "C19" mark on the certified mail receipt constitute a valid signature under Civ.R. 4.1(A)(1)(a), thereby granting the trial court personal jurisdiction over the defendant? Because this question is purely a legal one, we review that determination de novo. *See Name Change of Rowe*, 2019-Ohio-4666, 135 N.E.3d 782, ¶ 16 (4th Dist.); *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 11 ("Personal jurisdiction is a question of law that appellate courts review de novo."); *compare In re Guardianship of Swartz*, 196 Ohio App.3d 348, 2011-Ohio-4179, 963 N.E.2d 835, ¶ 15 (3d Dist.) ("The issue of whether service was properly perfected pursuant to R.C. 2111.04 involves the probate court's proper application of law. Thus, our standard of review is de novo.").

{¶8} "Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail." *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 11. Pursuant to Civ.R. 4.1(A), service by certified mail must be "[e]videnced by return receipt signed by any person[.]" Civ.R.

4.1(A)(1)(a). The entire purpose of certified mail service (and commercial carrier service under Civ. R. 4.1(A)(1)(b)) is to ensure that proof exists that someone actually received the service, which explains why both subsection (1)(a) and (1)(b) emphasize the signature requirement.

{¶9} The "any person" language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly. *See Finnell v. Eppens*, S.D.Ohio No. 1:20-CV-337, 2021 WL 2280656, *5 (June 4, 2021) ("Ohio case law confirms that 'any person' should be understood broadly."); *Jardine v. Jardine*, 2d Dist. Montgomery No. 27845, 2018-Ohio-3196, ¶ 8 ("Valid service of process is presumed when the envelope is received by any person . . . [and] the recipient need not be the defendant or an agent of the defendant.") (Internal quotations omitted.); *Starr v. Ohio Dept. of Commerce Div. of Real Estate & Professional Licensing*, 10th Dist. Franklin No. 20AP-47, 2021-Ohio-2243, ¶ 24 (same); *see also Brownfield v. Krupman*, 10th Dist. Franklin No. 14AP-294, 2015-Ohio-1966, ¶ 16 ("Notably, Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf.").

{¶10} That said, whether Ohio law is broad enough to allow a mail carrier to notate in a manner that provides no indication of who (if anyone) received the delivery is another matter. CUC maintains that USPS delivery persons were authorized during the pandemic to sign on behalf of the recipient with the "Covid 19" or "C19" notation. Yet CUC points to nothing in Civ.R. 4 that would permit imputing this type of apparent agency to postal employees. In fact, Civ.R. 4.1(A)(1)(a) directs the clerk of courts to deliver the summons and complaint "with instructions to the delivering postal employee *to show to whom delivered*, date of delivery, and address

6

where delivered." (Emphasis added.) When the carriers in this case marked "Covid 19" or "C19" on the return receipt, they assumed the role of both the deliverer and the recipient. By extension, the mail carrier is the only person we can say with certainty knew the certified mail even existed. But Civ.R. 4 directs the postal employee to identify the person at the address who *received* the certified mail—not the one who delivered it. In any event, we cannot see how "Covid 19" or "C19" constitutes a "signature" or a receipt "signed" by a person. Black's Law Dictionary defines the verb "sign" as "[t]o identify (a record) by means of a signature, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it," and "signature" as "[a] person's name or mark written by that person or at the person's direction[.]" *Black's Law Dictionary* (11th Ed. 2019). No matter how creatively we construe "Covid 19" or "C19," those notations do not comport with any common understanding of "signed" or "signature."

{¶11} Although not binding, we are mindful that federal authority appears consistent with our interpretation of Rule 4's signature requirement. In *Finnell v. Eppens,* the district court disagreed with the magistrate's determination that "Covid 19" satisfied service because it was unconvinced that Ohio law permitted the change to the signature requirement at issue here (although it stopped short of definitely deciding the question). *See Finnell* at *6 ("The Court is unable to locate any specific Ohio law implementing a modification to the signature requirement based on COVID-19. Thus, while 'any person' may be broad, the Court cannot be confident that it would extend to a mail carrier's signature."). While "any person" represents a broad concept, the *Finnell* court explained that "it may be that this broad scope extends only to others residing (or working) at the indicated address, and not

7

necessarily to mail carriers who deliver the materials to the address—COVID-19 pandemic notwithstanding." *Id.* at *5, citing *Indian Creek Condominium Property Owners Assn. v. Team Equity*, 2d Dist. Montgomery No. 28369, 2019-Ohio-4876, ¶ 27 ("Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant.") (Internal quotations omitted.); *see also Dumphord v. Gabriel,* E.D.Ky No. 5:20-461-DCR, 2021 WL 3572658, * 2 (Aug. 12, 2021) ("[Plaintiff] has offered no argument or evidence that a certified mail return receipt that simply states 'Covid-19' constitutes proper service. * * * Without more, the Court cannot rely on the certified mail return receipt to conclude that [defendant] was properly served via certified mail."). Allowing the mail carrier to unilaterally substitute himself as an agent of the intended recipient frustrates the very purpose of Civ.R. 4.1's accepted methods of service. The reason the signature provision exists is to substantiate that someone actually *received* the summons and complaint—and the notations in this case fail to offer that assurance.

{¶12} Nor can CUC look to the USPS decree in order to salvage service here. Compliance with USPS instructions called for the mail carrier to write the recipient's first initial and last name on the receipt. CUC insists the mail carrier followed USPS procedures because the return receipt "notes the initials of the individual that received delivery." But this is inaccurate because the only notations appearing on the return receipts were "Covid 19" and "C19" (both referencing the pandemic, rather than a person), and the cryptic reference "Rt 12"—which might reference a carrier's route but not anyone's name. We are not faced with a circumstance where the postal employee adhered to USPS instructions, and thus we have no occasion to consider

8

how such facts might impact our analysis. In this scenario, the return receipt lacked the requisite first initial and last name dictated by the USPS internal memorandum. As a result, that guidance has no bearing on our analysis.

{¶13} Nonetheless, CUC insists that administrative action taken by the Ohio Supreme Court validated the service at issue here. Specifically, CUC claims the administrative action gave lower courts, including the Hamilton County Court of Common Pleas, the power to waive any rule requiring in-person service of process. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 1448, 2020-Ohio-1166, 141 N.E.3d 974 ("Any requirement in a rule of the Court that a party appear in person or requiring in-person service may be waived by the Court, local court, hearing panel, board, or commission, as applicable."). Based on that order, some courts in the state promulgated a variety of rules to accommodate alternative certified mail signatures. The Cuyahoga County Court of Common Pleas, Probate Division, for instance, decreed that the "delivery shall be treated as successful" where the mail carrier obtained a first initial and last name instead of a signature as confirmation of delivery (echoing USPS guidance discussed above). In contrast, the Knox County Court of Common Pleas ordered that the "Covid-19" signature "shall be deemed to be perfected service" if the party served later makes an appearance in the case or other evidence shows the party indeed resides at the location. *See Finnell,* S.D. Ohio No. 1:20-CV-337, 2021 WL 2280656, at *6 (describing the United States District Court for the Southern District of Ohio's General Order 20-39, which is to similar effect).

{¶14} But we have no occasion to address these scenarios either because Hamilton County issued no such order. While the Ohio Supreme Court granted

power to local courts to waive the in-person service of process, nothing in the record suggests the trial court exercised that power or even analyzed whether service was proper in light of USPS changes or the Supreme Court's administrative action. Despite CUC's contention otherwise, the trial court's granting of a default judgment cannot be read as a waiver of the in-person service of process.[1]

{¶15} The Covid-19 pandemic certainly demanded innovation and flexibility, and courts around the state (and country) admirably exhibited great creativity in keeping the courthouse doors open while also ensuring public safety. The challenging nature of the pandemic aside, we cannot simply dispense with the rules and due process protections. This is particularly so when the record contains no indication that service was otherwise validly achieved. On this record, therefore, we hold that a notation of "Covid 19" or "C19" does not constitute a valid signature under Civ.R. 4.1(A).

\* \* \*

{¶16} In light of the foregoing analysis, we sustain Smartlink's assignment of error. The judgment of the trial court granting CUC's motion for default judgment is reversed, the default judgment is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

**ZAYAS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

---

[1] Such a theory would also raise serious due process concerns, which is presumably the reason various courts promulgated rules or orders to give parties notice of the modification to the service procedure.