[Cite as *Cincinnati Ins. Co. v. Hall*, 2022-Ohio-1112.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CINCINNATI INSURANCE CO. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29288 |
| | : | |
| v. | : | Trial Court Case No. CVE 2020 01343 |
| | : | |
| ERIC HALL, et al. | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of April, 2022.

. . . . . . . . . . .

DARAN P. KIEFER, Atty. Reg. No. 0064121, P.O. Box 6599, Cleveland, Ohio 44101
        Attorney for Plaintiff-Appellant

ERIC HALL, 10 Bradstreet Road, Apartment 12, Dayton, Ohio 45459
        Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} The Cincinnati Insurance Company (CIC) appeals from the trial court's entry and order dismissing its lawsuit against appellee Eric Hall for lack of service of process under Civ.R. 41(A)(1)(a).

{¶ 2} CIC contends the trial court erred in failing to presume valid service where its docket reflects "perfected" service. CIC also suggests that Civ.R. 41(A)(1)(a) permits a mail carrier to deliver a summons and complaint to an address and to sign for the delivery. Finally, CIC asserts that the trial court erred in dismissing its complaint with prejudice under Civ.R. 41(A)(2). If service of process was invalid, CIC contends the complaint should have been dismissed without prejudice to refiling.

{¶ 3} We conclude that the trial court erred in finding invalid service of process. The record reflects that CIC twice requested certified-mail service on appellee Hall at a residential address. On both occasions, electronic return receipts indicate that the summons and complaint successfully were "delivered" on a specific date and "left with individual." Both receipts contain illegible writing in the signature box, establishing that someone signed for service of process. Under these circumstances, we find a rebuttable presumption of valid service and no evidence to rebut the presumption. The trial court's judgment will be reversed, and the case will be remanded for further proceedings.

## I Factual and Procedural Background

{¶ 4} CIC filed this subrogation action against Hall on October 30, 2020, to recover payment it made to its insured, Michael Blair, for damage Hall caused to Blair's vehicle. A summons and complaint were sent to Hall by certified mail at an address in Miamisburg. That attempted service was returned "not deliverable as addressed." Thereafter, CIC

obtained another address for Hall and, on January 4, 2021, it requested certified-mail service at 10 Bradstreet Road, Apartment 12 in Dayton. The trial court's docket includes a notation that service was "perfected" on January 12, 2021. *See* Plaintiff's Sept. 13, 2021 Objection to Magistrate's Decision at Exh. 3. The record, however, contains no "green card" reflecting certified-mail service on Hall.

{¶ 5} On May 12, 2021, CIC moved for default judgment against Hall, citing his failure to appear or otherwise defend. The next entry in the record is a May 12, 2021 letter from the United States Postal Service (USPS) to the deputy clerk of court. The letter states that it is in response to the deputy clerk's "request for proof of delivery." It includes a tracking number and states, "Delivered, Left with Individual." The date of delivery is listed as January 12, 2021 at 2:52 p.m. with "Return Receipt Electronic." The letter includes a scanned signature and address box. The signature line contains illegible letters but has been completed. The address line contains illegible markings that appear to begin with the number "10" followed by the letter "B."

{¶ 6} On May 18, 2021, a magistrate sua sponte set aside CIC's default motion. The magistrate reasoned: "Upon review of the Motion for Default, the Court found that certified mail was not signed by the Defendant. The mail carrier or other person delivering the summons is not an agent of the Defendant; therefore, the notation "COVID-19" or any other derivative would not show receipt to the person addressed on the summons and is not considered valid service."

{¶ 7} On June 14, 2021, CIC again requested certified-mail service on Hall at the Bradstreet address. The trial court's docket includes a notation that service was

"perfected" on June 30, 2021. *See* Plaintiff's Sept. 13, 2021 Objection to Magistrate's Decision at Exh. 3. On August 5, 2021, CIC again moved for default judgment based on Hall's failure to plead or otherwise defend. On August 10, 2021, the magistrate filed an entry and order virtually identical to the prior one setting aside the motion for default judgment on the basis of invalid service. Thereafter, on August 31, 2021, the magistrate filed a third entry and order finding invalid service. The magistrate reviewed certified-mail electronic return receipts and reiterated that the certified mail was not signed for by Hall and that a notion of "COVID-19" does not establish valid service. This filing by the magistrate warned CIC that "pursuant to Civ.R. 41(B)(1), unless further action is taken before October 5, 2021, this matter will be dismissed for want of prosecution."

{¶ 8} On September 13, 2021, CIC filed an "objection" to the magistrate's August 31, 2021 entry and order. CIC argued that the record created a presumption of effective service on Hall, who did nothing to rebut the presumption. CIC asserted that the magistrate improperly had "sought out" evidence in the form of the USPS letter to refute proper service. In any event, CIC argued that certified-mail service is proper when it is served on "any person," and that the electronic return receipt from the postal service reflected proper service at the 10 Bradstreet address.

{¶ 9} In a September 28, 2021 entry and order, the trial court found CIC's "objection" improper because the magistrate's ruling was not a decision to which an objection could be filed. Nevertheless, the trial court treated the objection as a motion to set aside the magistrate's ruling under Civ.R. 53(D)(2)(b). The trial court then agreed with CIC that certified-mail service may be signed for by someone other than the defendant.

The trial court rejected the notion, however, that Civ.R. 4.1(A)(1)(a) permits a mail carrier delivering service of process to sign for delivery at the defendant's residence.

**{¶ 10}** The trial court also found that the electronic return receipt failed to satisfy Civ.R. 4.1(A)(1)(a). It reasoned that "[t]he only legible inscriptions on either service attempt return receipts read 'covid-19.' " The trial court found that "[t]he return receipts did not describe 'to whom delivered, date of delivery, and address where delivered.' " Finally, the trial court rejected CIC's argument about the magistrate improperly gathering evidence to refute a presumption of service. The trial court explained:

> Upon a review of the facts, this Court finds that Magistrate Slyman and the Deputy Clerk did no such thing. The "letter" Plaintiff refers to is the original digital signature receipt for certified mail which the USPS is required to send to the Clerk. Since this Court uses digital signatures, the digital return receipts are sent to the Deputy Clerk digitally at her official court email address. The Deputy Clerk routinely receives digital return receipts. Moreover, contrary to Plantiff's assertion, the digital signature receipt is present in the record. Thus, there is no factual support for Plaintiff's baseless allegation against Magistrate Slyman and the Deputy Clerk. Accordingly, Plaintiff's allegation is not well taken.

Sept. 28, 2021 Entry and Order at 3-4.

**{¶ 11}** The trial court ordered CIC's lawsuit dismissed and stated that its ruling was a final, appealable order. This appeal followed.

## II. Analysis

{¶ **12**} CIC advances three assignments of error:

**I. Trial Court committed error by failing to "presume" service was valid since the certified mail was docketed as "PERFECTED."**

**II. Trial Court committed reversible error by not allowing for service on "any" person in contravention of Civil Rule 4.1(A)(1)(a).**

**III. The Trial Court Improperly Dismissed Case "with prejudice" under 41(A)(1)(2) instead of without prejudice under 41(B)(4) and Rule 4(E).**

{¶ **13**} In its first two assignments of error, CIC contends the trial court erred in failing to presume valid service and in not allowing service on "any person." The insurance company argues that a notation of "PERFECTED" service in the trial court's summary of docket entries was sufficient to create a presumption of service. CIC also argues that the trial court erred in permitting its magistrate to "gather evidence" to refute the presumption of proper service. Finally, CIC notes that Civ.R. 4.1(A)(1)(a) authorizes certified-mail service with a return receipt "signed by any person." Arguing that "any person" includes "all" people or "every" person, without limitation, the insurance company reasons that "[n]othing in Civ.R. 4.1 would indicate that a signature by the mail carrier delivering the letter would be excluded."

{¶ **14**} Where, as here, the validity of service of process involves a legal question, we apply de novo review. *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, 178 N.E.3d 556, ¶ 7 (1st Dist.). The issue before us is whether CIC complied with Civ.R. 4.1(A)(1)(a), which authorizes certified-mail service and provides:

Service by United States Certified or Express Mail. *Evidenced by return*

> *receipt signed by any person*, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

(Emphasis added.)

{¶ 15} Compliance with the foregoing rule creates a rebuttable presumption of proper service. *State Auto Ins. of Ohio v. Wilson*, 9th Dist. Summit No. 29678, 2020-Ohio-4456, ¶ 7. The person signing the return receipt need not be the defendant or an authorized agent. Valid service is presumed when the return receipt is signed by "any person" at the defendant's address. *Indian Creek Condo. Prop. Owners Assn. v. Team Equity*, 2d Dist. Montgomery No. 28369, 2019-Ohio-4876, ¶ 27.

{¶ 16} Here CIC stresses that the trial court's docket includes a notation that service was "perfected" on January 22, 2021 and again on June 30, 2021, the two times that certified-mail service was attempted. *See* Plaintiff's Sept. 13, 2021 Objection to Magistrate's Decision at Exh. 3. CIC acknowledges, however, that the docket does not reflect any corresponding "documents of service" such as a signed return receipt, as required by Civ.R. 41(A)(1)(a). Appellant's Brief at 6.

{¶ 17} In fact, CIC objects to the only evidence of a signed return receipt in the record. In response to the insurance company's motions for a default judgment, CIC

contends the magistrate improperly sought out information from the USPS to disprove valid service. In particular, CIC cites the two above-referenced letters from the postal service to the deputy clerk of court. In its entry and order rejecting CIC's objections to the magistrate's ruling, the trial court explained that the "letters" actually are electronic return receipts that the postal service is required to send to the clerk's office. The USPS's own website confirms that "Return Receipt (Electronic) is an official United States Postal Service® document designed to be equivalent to the hardcopy Return Receipt that has been in use for many years." The website explains that "[t]he signature will arrive as a proof of delivery letter via email attachment (rather than the green postcard otherwise used)." *See* "What is Electronic Return Receipt, https://faq.usps.com/s/article/What-is-Electronic-Return-Receipt, accessed March 14, 2022.

{¶ 18} In light of the trial court's use of electronic return receipts, we see no error in its consideration of the "letters" challenged by CIC. Moreover, absent those electronic return receipts, the record would contain *no evidence* of a return receipt signed by any person, as required by Civ.R. 4.1(A)(1)(a). Therefore, CIC actually benefitted from the trial court's consideration of the electronic return receipts.

{¶ 19} The only remaining question is whether the electronic return receipts established compliance with Civ.R. 4.1(A)(1)(a). As noted above, both proof-of-delivery letters include a date of delivery. The "status" line reads, "Delivered, Left with Individual." The scanned signature and address box contains largely illegible writing, but it has been completed. It appears, then, that *someone* signed for the summons and complaint delivered to 10 Bradstreet Road, Apartment 12 in Dayton.

{¶ 20} The magistrate and the trial court opined that the electronic return receipts had been signed by the USPS mail carrier. The trial court reasoned that "the case at hand involves certified mail signed by a mail carrier" and that "neither the language of Civ.R. 4.1(A)(1)(a) nor case law support a finding that a mail carrier delivering service of process can sign for the defendant." Sept. 28, 2021 Entry and Order at 2.

{¶ 21} On the record before us, however, we have no basis for concluding that the person who signed the return receipt was the mail carrier. The return receipt contains illegible writing on the signature line, and the record contains no evidence establishing that the mail carrier signed it. This court has held that an illegible signature on a return receipt is sufficient to constitute "prima facie evidence that service was successful and proper." *S&S Remodeling v. Phoenix Remediation*, 2d Dist. Montgomery No. 26091, 2014-Ohio-4609, ¶ 13; *see also Felman v. Coleman*, 2d Dist. Montgomery No. 15686, 1996 WL 325501, *2 (June 14, 1996) (finding Civ.R. 4.1 satisfied where a certified-mail return receipt was signed by someone with an illegible signature).

{¶ 22} In short, the record reflects that CIC twice requested certified-mail service on appellee Eric Hall at 10 Bradstreet Road, Apartment 12 in Dayton, Ohio. On both occasions, electronic return receipts indicate that the summons and complaint successfully were "delivered" on a specific date and "left with individual." Both electronic return receipts contain illegible writing in the signature box, establishing that someone (i.e., "any person") signed for service of process. Absent a stipulation from CIC or other evidence establishing that that a mail carrier in fact signed the return receipts, they are at least minimally sufficient, on their face, to create a rebuttable presumption of valid

service.[1]

**{¶ 23}** In reaching our conclusion, we find distinguishable the First District Court of Appeals' opinion in *CUC Properties*, 2021-Ohio-3428, 178 N.E.3d 556. In that case, mail carriers merely wrote "Covid 19" and "C19" on return-receipt signature lines. The issue was whether such marks by a mail carrier qualified as a valid signature under Civ.R. 41(A)(1)(a). *CUC Properties* at ¶ 7. The First District held that they did not, reasoning:

> * * * When the carriers in this case marked "Covid 19" or "C19" on the return receipt, they assumed the role of both the deliverer and the recipient. By extension, the mail carrier is the only person we can say with certainty knew the certified mail even existed. But Civ.R. 4 directs the postal employee to identify the person at the address who received the certified mail—not the one who delivered it. In any event, we cannot see how "Covid 19" or "C19" constitutes a "signature" or a receipt "signed" by a person. Black's Law Dictionary defines the verb "sign" as "[t]o identify (a record) by means of a signature, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it," and "signature" as "[a] person's name or mark written by that person or at the person's direction[.]" *Black's Law Dictionary* (11th Ed. 2019). No matter how creatively we construe "Covid 19" or "C19," those notations do not comport with any common understanding of "signed" or "signature."

---

[1] This does not mean that Hall cannot overcome the presumption of valid service by challenging it, possibly through a motion to vacate any default judgment CIC might obtain. At present, however, Hall has not appeared in the action or submitted any evidence to establish non-service.

*Id.* at ¶ 10.

**{¶ 24}** Although the electronic return receipts in the present case appear to bear the notation "C 19," they have additional writing in the box for the signature of the recipient. Unlike *CUC Properties*, the return receipts before us do appear to contain an authenticating signature, mark, or writing from someone. In *CUC Properties*, the First District explicitly noted the absence of any initials or names on the return receipts and, for that reason, declined to consider how their inclusion might impact the analysis. *Id.* at ¶12. While we agree with the First District's determination that a mail carrier simply writing "Covid 19" or "C19" on a return receipt is not a valid signature, we find the facts of *CUC Properties* to be distinguishable. Having found that the electronic return receipts at issue created a rebuttable presumption of valid service of process, we sustain CIC's first two assignments of error.

**{¶ 25}** In its third assignment of error, CIC contends the trial court erred in dismissing its lawsuit with prejudice rather than without prejudice. CIC infers a dismissal with prejudice from the trial court's statement that its September 28, 2021 entry and order is "a final appealable order" and its direction for any appeal to be filed within 30 days.

**{¶ 26}** On appeal, we too have inferred from the trial court's language that its dismissal was intended to be with prejudice. We also agree with CIC that a dismissal where service has not been perfected is "otherwise than on the merits" and, therefore, without prejudice to refiling. *Thomas v. Freeman*, 79 Ohio St.3d 221, 226, 680 N.E.2d 997 (1997). In any event, our resolution of the first two assignments of error renders this assignment of error moot.

## III. Conclusion

**{¶ 27}** Having sustained CIC's first two assignments of error, we reverse the trial court's judgment and remand the case for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Daran P. Kiefer
Eric Hall
Hon. Thomas Hanna, Administrative Judge