**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2395-23

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE
OF CABANA SERIES V TRUST,

      Plaintiff-Respondent,

v.

JAMES L. MCELWEE, JR., MORRIS
IMAGING ASSOCIATES PA,
GARDEN SAVINGS FCU, and
STATE OF NEW JERSEY,

      Defendants,

and

JEROME MCELWEE,

      Defendant-Appellant.

_____

Submitted June 4, 2025 – Decided June 26, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-010611-22.

Jerome McElwee, appellant pro se.

Friedman Vartolo LLP, attorneys for respondent (Quenten E. Gilliam, on the brief).

PER CURIAM

Defendant Jerome McElwee appeals from July 21, 2023 orders granting summary judgment in favor of plaintiff U.S. Bank Trust National Association as Trustee of Cabana Series V Trust and denying his cross-motion to dismiss plaintiff's foreclosure complaint. He also appeals from a February 20, 2024 order granting plaintiff's motion for a final judgment of foreclosure and denying his motion to fix the amount due. We affirm.

We recite the facts from the motion record. On January 30, 2009, defendant and James L. McElwee, Jr. executed a promissory note (Note) in the amount of $283,462 secured by a mortgage (Mortgage) on real property located on West Munson Avenue in Dover (Property). The Mortgage was recorded in the Morris County Clerk's Office on February 20, 2009. The Note required defendant to make monthly payments of $1,609.47, commencing March 1, 2009. On June 1, 2012, defendant defaulted by failing to make payments due under the Note.

A-2395-23

The Note and Mortgage were assigned to plaintiff on February 15, 2022. The documents were recorded in the Morris County Clerk's Office on May 24, 2022.

On June 28, 2022, plaintiff's servicer, SN Servicing Corporation (SNS) mailed a Notice of Intention to Accelerate and Foreclose (NOI) to defendant at the Property's address.[1] An affidavit of mailing confirmed SNS sent the NOI by regular and certified mail through the United States Postal Service (USPS).

On October 4, 2022, plaintiff filed a foreclosure complaint. On October 18, 2022, defendant filed an answer.

Plaintiff moved for summary judgment. Plaintiff's motion included a certification from Tanya Nava, an asset manager for SNS. Based on personal knowledge after reviewing SNS's business records, Nava certified that "on June 1, 2012, [d]efendant[] failed to make the payment due under the Note and Mortgage. Said payments have remained unpaid for a time period longer than one month." Nava further confirmed the NOIs "were sent to [d]efendant [and James L. McElwee] at their last known address, the [Property], by certified mail, return receipt requested and regular mail." Additionally, Nava averred plaintiff

_____

[1] In his submissions to this court, defendant identified the Property as his address.

A-2395-23

was "in present possession of the original Note and has continuously maintained possession of the original Note" since July 15, 2022.

Defendant filed a cross-motion to dismiss the foreclosure complaint. In his cross-motion, defendant claimed he did not default on the Note and never received the NOI.

In opposition to defendant's cross-motion, plaintiff submitted a certification with copies of the signed electronic certified mail return receipts and USPS tracking history. The certified mail return receipts indicated the NOI was sent to defendant at the Property by first-class mail and certified mail with an electronic return receipt. According to defendant, he lived at the Property as of the mailing date of the NOI and continues to live at the Property.

According to the return receipts, the USPS carrier left the NOI with an individual at the Property at 4:08 p.m. on June 30, 2022. The return receipt contained an illegible signature. The USPS tracking history for the same tracking numbers on the return receipts confirmed the NOI was delivered and left with an individual on June 30, 2022.

On July 21, 2023, following after hearing argument on the motions, the judge granted summary judgment to plaintiff. In a fifteen-page written statement of reasons, the judge found:

4

Plaintiff has established a prima facie case for foreclosure, demonstrating the essential elements that [d]efendant validly executed the Note and Mortgage, that [d]efendant defaulted on the same, and that [p]laintiff has the right to reentry through standing by way of possession of the original Note and by way of assignment. There is not a requirement that proof of default be computer-generated. The Nava Certification is sufficient to establish the default of the Note and Mortgage, as Ms. Nava has personal knowledge of the business documents establishing the default. As to the allegation that [p]laintiff failed to comply with the [FFA], the [c]ourt notes that the regular and certified mail were both properly delivered to the Property at 4:08 p.m. on June 30, 2022. Lastly, [d]efendant has not explained how the assignment of the Note and Mortgage to [p]laintiff were invalid, other than claiming, without citing legal authority for support, that [p]laintiff has not established the authority of the assigning agents to execute the assignments. Defendant has failed to refute [p]laintiff's prima facie case to foreclose. Defendant's cross-motion to dismiss [p]laintiff's [v]erified [c]omplaint is therefore denied.

On January 9, 2024, plaintiff filed a motion for a final judgment of foreclosure. Sarah Higlen, another SNS asset manager, certified defendant owed $515,884.04 under the Note and Mortgage as of January 2025. Higlen attached a schedule supporting the amount due from defendant, including $270,243.99 in unpaid principal, $171,255.33 in interest, $74,249.72 in taxes and insurance, and $135 in property preservation charges.

A-2395-23

On January 22, 2024, defendant filed a motion to fix the amount due. He asserted the amount plaintiff claimed to be due was incorrect.

On February 20, 2024, the judge granted plaintiff's application for a final judgment of foreclosure and denied defendant's motion to fix the amount due. In a five-page written statement of reasons, the judge found:

> [T]he provided evidence sufficiently establishes that [d]efendant[] owe[s] [p]laintiff $515,884.04. Further, absent a certification disputing the amount due, a general argument that the calculation is incorrect, alone, is insufficient to defeat [p]laintiff's application. Specifically, [d]efendant[] fail[s] to provide any proof disputing the additional amount of the insurance payment included in [p]laintiff's calculations or proof that the other amount was incorrect. As to [the asset manager's] certification, the [c]ourt finds that [p]laintiff may rely upon the [c]ertification . . . because [the asset manager] properly certified that she was qualified to review the business records of [p]laintiff and testify to the same, which is within the purview of R. 1:6-6.
>
> Accordingly, [p]laintiff's motion for an entry of [f]inal [j]udgment, including the outstanding balance, lawful interest, and expenses is granted.

Defendant appealed the July 21, 2023 orders granting summary judgment to plaintiff and denying his cross-motion for dismissal of the foreclosure action. He also appealed the February 20, 2024 orders granting plaintiff's motion for a final judgment of foreclosure and denying defendant's motion to fix the amount due.

6

On appeal, defendant contends the judge erred in finding plaintiff complied with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -82, and granting summary judgment to plaintiff. Defendant argues plaintiff failed to comply with the requirements of the FFA because 1) the NOI was sent by a third-party mailer, SNS; 2) the affidavit of mailing did not certify the NOI was sent using return receipt service; and 3) the certified mail return receipt was signed "CV-19" and therefore not a valid signature. We reject defendant's arguments.

While defendant's notice of appeal included the February 20, 2024 orders, he failed to brief issues related to these orders in his appellate briefs. "An issue not briefed on appeal is deemed waived." Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (quoting Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017)). Because defendant failed to advance any arguments related to the February 20, 2024 orders, we deem any challenge to those orders waived.

We review a trial judge's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider "whether the competent evidential materials presented, when viewed

in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Rule 4:46-2(c) provides a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

Summary judgment should be granted, "in particular, 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 450, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

We first address defendant's argument the FFA does not authorize service of the NOI by a third party such as SNS.  We disagree.

The FFA sets forth procedures to be followed by a lender when initiating a foreclosure action.  Under the FAA:

> Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give a [NOI], which shall include a notice of the right to cure the default . . . at least 30 days, but not more than 180 days, in advance of such action as provided in this section, to the residential mortgage debtor.
>
> [N.J.S.A. 2A:50-56(a).]

Further, the FFA states the NOI

> shall be in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage.  The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.
>
> [N.J.S.A. 2A:50-56(b).]

Contrary to defendant's argument, nothing in the FFA precludes a lender from sending a NOI through a third-party mailer.  See generally N.J.S.A. 2A:50-56.  The FFA simply requires "the residential mortgage lender shall give a [NOI]."  N.J.S.A. 2A:50-56(a).

Here, the NOI was signed by SNS. SNS's contact information and address appeared at the top of each page of the NOI. Additionally, SNS was "authorized by a power of attorney to demand payment on [plaintiff]'s behalf." Based on the documentation provided in the record—including the USPS tracking history, signed certified mail return receipt, and affidavit of mailing—we are satisfied plaintiff served the NOI consistent with the requirements under the FAA.

Moreover, defendant is mistaken in asserting the affidavit of mailing failed to mention requesting a return receipt. The signed electronic certified mailing receipt clearly indicated the NOI was sent via certified mail, return receipt requested, in accordance with the FFA. Additionally, SNS's asset manager certified the NOI was sent by both certified mail, return receipt requested, and regular mail.

We next consider defendant's argument the NOI was invalid because the USPS carrier signed the return receipt. Defendant asserts the receipt signed "CV-19" did not constitute a valid signature as required by the FFA. Again, we disagree.

We note defendant failed to challenge the validity of the signature on the return receipt before the motion judge. Defendant raised this issue for the first time on appeal. We generally decline to address arguments not presented to the

trial court. See Furhman v. Mailander, 466 N.J. Super. 572, 596 (App. Div. 2021). However, because defendant is self-represented, we address the issue for the sake of completeness.

In support of his argument that the "CV-19" signature on the return receipt is invalid, defendant relies on an out-of-state case, CUC Props. VI v. Smartlink Ventures, 178 N.E. 3d 556, 558 (Ohio Ct. App. 2021). Defendant's reliance on that case is misplaced for several reasons. First, we are not bound by the decisions rendered by state courts in Ohio. Lewis v. Harris, 188 N.J. 415, 436 (2006) (holding New Jersey courts "are not bound by the nation's experience or the precedents of other states"). Second, CUC Props. VI was decided based on the rules governing Ohio courts in deciding service of process and personal jurisdiction. 178 N.E. 3d at 559. Any determination based on Ohio rules of procedure are inapplicable in this case.

Moreover, the FFA contains no "signature provision" as defendant argues. The only requirement under the FFA for the mailing of the NOI is that it be "sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address." N.J.S.A. 2A:50-56(b). Such "notice is deemed to have been effectuated on the date the notice is. . . mailed to the party." Ibid. Therefore, defendant is mistaken in asserting the FFA mandates a signature.

11

We next consider defendant's contention the judge erred in finding the mailing of the NOI complied with the FFA. He claims the judge incorrectly "presume[d] that, if notice was mailed, notice was received."

Under the FFA, notice is "effectuated on the date the notice is delivered in person or mailed to the party." N.J.S.A. 2A:50-56(b). Contrary to defendant's argument, the statute does not require proof of delivery or receipt. See EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 140 (App. Div. 2008) (holding a mortgagor cannot "defeat statutory compliance" by rejecting the delivery of mail to the proper address). Rather, "[t]he simultaneous use of certified mail and first class mail satisfies the statutory requirements of N.J.S.A. 2A:50-56. Nothing more is required." Ibid. Because the statute does not require receipt of the notice by the debtor, the judge properly found "the regular and certified mail were both properly delivered to the Property" and therefore plaintiff complied with the FFA's requirements.

Having reviewed the record, we are satisfied the judge properly granted summary judgment to plaintiff and correctly denied defendant's motion to dismiss the foreclosure action. Defendant failed to raise any genuine issues of material fact regarding plaintiff's compliance with the FFA.

To the extent we have not addressed any of defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

13