DECISION AND JUDGMENT ENTRY
{¶ 1} Brad Martin appeals the judgment of the trial court denying his motion to vacate a default judgment entered against him. In his motion, he argued the trial court lacked personal jurisdiction over him because of inadequate service of process. Although the clerk of the trial court directed service to Martin at an incorrect address, the trial court concluded that Martin had waived any defects in process by appearing in the case after the entry of the default judgment and failing to raise an objection to the lack of personal jurisdiction for almost seven months after his initial appearance.
 {¶ 2} Martin first argues the trial court erred in adopting the Magistrate's decision which, he asserts, found that service of process of the original complaint was valid in spite of also finding that Martin had rebutted the presumption of valid service of *Page 2 
process. However, the Magistrate did not find that service was valid; nor did it find that Martin had rebutted the presumption of valid service of process. Because his first argument is based upon an incorrect factual premise, we reject it.
 {¶ 3} Next, Martin contends the trial court erred in adopting the Magistrate's decision finding that he had waived the defense of personal jurisdiction by not raising it in his first appearance. A defendant may waive the defense of lack of personal jurisdiction by appearing post-judgment and litigating the merits of the case without a timely assertion of that defense. Here, Martin appeared in the case and filed motions for genetic testing and to modify the default judgment. However, he failed to object to the trial court's jurisdiction over him until seven months after his initial appearance. We agree with the trial court that this conduct amounts to waiver of any defects in service of process as well as his defense of lack of personal jurisdiction.
 {¶ 4} Next, Martin argues the Magistrate should have granted him a continuance after he informed the court by telephone that he could not appear at the hearing on the motion to vacate the judgment. However, the party requesting a continuance must do so either in writing or orally on the record. Because he did neither, Martin has failed to demonstrate that the Magistrate abused its discretion in not granting a motion for a continuance. Furthermore, Martin's only argument concerning the prejudicial effect of being unable to attend the hearing is that he could not testify that he never received service of process. However, that issue was moot because of the finding that Martin waived the defense of inadequate service of process.
 {¶ 5} Finally, Martin argues the Magistrate should have allowed him an opportunity to respond to his opponents' untimely filings. However, Martin has not put *Page 3 
forward any authority for his argument that his opponents' filings were untimely. Moreover, the trial court allowed Martin to file two memoranda in support of his objections to the Magistrate's Decision. Thus, he had an opportunity to respond to the "untimely filings." Because we do not see how the Magistrate's action affected the outcome of the proceeding, we affirm the judgment.
 I. Facts {¶ 6} When the Athens County Child Support Enforcement Agency (the ACCSEA) filed a complaint to determine paternity on December 26, 2002, it requested service of the complaint on Martin by certified mail at 1161 Kelborn Road #A, Columbus, Ohio, 43227. However, the postal service returned the complaint to the clerk unclaimed, and the court clerk then sent the complaint by regular mail. The postal service returned the complaint as undeliverable. Upon request of the ACCSEA, the court clerk attempted to send the complaint to Martin by certified mail at 663 Renoldsburg New, Blacklick, Ohio, 43004. The postal service returned the complaint unclaimed, and the clerk notified the ACCSEA that service on Martin had failed. On March 7, 2003, the clerk sent the complaint by regular mail; this time the postal service did not return the complaint to the clerk. Similarly, the clerk attempted to serve Martin with various pretrial motions, entries, and a motion for a default judgment by certified mail at 663 Renoldsburg New, Blacklick, Ohio, 43004, and 663 Reynoldsburg New, Blacklick, Ohio, 43004. There is no dispute that Martin's correct address is 663 Reynoldsburg-New Albany Road, Blacklick, Ohio, 43004. The postal service returned each of these certified mail documents to the court clerk as undelivered. However, the postal service did not return any of the documents served on Martin by regular mail at *Page 4 
the incorrect Blacklick addresses. The trial court entered a default judgment against Martin after he failed to appear at a hearing on the motion for a default judgment. The clerk served the judgment entry, which was filed on January 20, 2004, and an amended judgment entry, which was filed on February 26, 2004, by regular mail at 663 Reynoldsburg New, Blacklick, Ohio, 43004. The postal service did not return these judgment entries to the clerk.
 {¶ 7} Because of the amount Martin owed and his failure to make payments, the ACCSEA referred the case to the Athens County Prosecutor's Office in September 2004. The State indicted him for nonsupport of dependents on October 25, 2004, and a warrant issued the same day. However, Martin was not arrested until sometime in late 2005. This criminal case remains pending.
 {¶ 8} Martin first appeared in the civil action against him on May 18, 2006, moving for a modification of child support obligations on the grounds that the judgment should be reduced by 10%; he also moved for genetic testing. At that time, Martin neither objected to the trial court's jurisdiction over him based on the inadequacy of service of process, nor did he reserve such an objection. The trial court held a hearing on Martin's motions, at which he appeared represented by counsel. The court ordered genetic testing, and it deferred consideration of Martin's motion to modify until the return of the genetic testing results. These results, showing that Martin is the biological father, were filed in the trial court on September 6, 2006.
 {¶ 9} For the first time, on December 4, 2006, Martin raised the issue of whether the court ever obtained personal jurisdiction over him because of insufficient service of process. On December 12, following an initial hearing on the matter (no transcript appears in the record), *Page 5 
the Magistrate set a hearing date for January 16, 2007, and allowed the parties to submit memoranda up until the day before the hearing. The record does not indicate that Martin objected to this scheduling order or sought a continuance of the hearing or an extension of time to file a memorandum. The ACCSEA and Rhonda Chiki, the mother of the child and a party to this litigation, filed responses to Martin's motion on January 12, 2006, and January 10, 2007, respectively. According to Martin, the court did not allow him the opportunity to file a reply. However, Martin does not appear to have requested time to file a reply before the hearing.
 {¶ 10} The record reflects that on the morning of the hearing, Martin's attorney called the Magistrate's office to inform him of an unexpected conflict that had arisen with another legal proceeding. The Magistrate stated at the hearing that he had declined to have an ex parte conversation with Martin's attorney and that he understood that Martin wanted a continuance. Neither Martin nor his trial counsel appeared at the hearing, and Martin did not formally move for a continuance in writing or on the record. The Magistrate stated at the hearing and in his decision that he was going forward with the hearing because Martin's criminal trial date was approaching and because the criminal charges depended on the validity of the civil judgment entered against him.
 {¶ 11} After Martin filed objections to the Magistrate's decision, the trial court allowed him to file supplementary memoranda. Then the trial court overruled Martin's objections and denied his motion to vacate. This appeal followed.
 II. Assignments of Error 1. "The trial court erred as a matter of fact and law by adopting the Magistrate's Decision that service of process of the original complaint was valid despite finding that Defendant-Appellant met his burden of *Page 6 
producing sufficient evidence to rebut the presumption of valid service of process."
 2. "The trial court erred as a matter of fact and law by adopting the Magistrate's Decision that Defendant-Appellant waived his defense that the court lacked personal jurisdiction over Defendant-Appellant and that the court's judgment of paternity was void ad initio."
 3. "The trial court erred by adopting the reasoning of the Magistrate and his refusals to allow Defendant-Appellant to reply to Plaintiff-Appellees' responsive memorandum to Defendant's motion to dismiss and [to] continue the hearing due to Defendant-Appellant's Counsel's involvement in an on-going hearing in Franklin County, Ohio."
Martin presents only one argument for his first two assignments of error. App. R. 16(A)(7) requires separate arguments for each assignment of error. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. Keffer v. Cent. Mut. Ins. Co., Vinton App. No. 06CA652, 2007-Ohio-3984, at ¶ 8 n. 2. Thus, we would be within our discretion to simply disregard any assignment of error that is not supported by a separate argument. App. R. 12(A)(2); Keffer at ¶ 8 n. 2. Nonetheless, we will review both assignments of error.
 {¶ 12} Martin's first assignment of error asserts that the trial court adopted the Magistrate's determination that service of process was valid despite the Magistrate's finding that Martin met his burden of producing sufficient evidence to rebut the presumption of valid service of process. However, neither the trial court nor the Magistrate concluded that service of process was valid; nor did either find that Martin had produced sufficient evidence to rebut the presumption. Instead, both the trial court and the Magistrate assumed arguendo that Martin had not received adequate service of process but found that Martin had waived any defects in service. The Magistrate *Page 7 
explained that, "despite the problems with service herein, it is not necessary to determine with finality the validity of original service of process." In its final order, the trial court noted that while "defendant may have preferred that the Magistrate resolve whether original service was valid, the Magistrate was not obligated to determine that issue where a valid and applicable legal theory (post-judgment waiver of personal jurisdiction defense) rendered the issue moot." Because Martin's first assignment of error is based upon an incorrect factual premise, we overrule it without further discussion.
 III. Post-Judgment Waiver of Martin's Personal Jurisdiction Defense {¶ 13} In his second assignment of error, Martin argues that the trial court erred in denying his motion to vacate the judgment for lack of person jurisdiction.[1] A default judgment entered against a party who has not received proper service of process is "void" because the trial court lacks personal jurisdiction over that party. State ex rel. SciotoDepartment of Human Servs. v. Proctor, Scioto App. No. 04CA2948,2005-Ohio-1581, at ¶ 8. {¶ 12} "`A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity.'" Polster v. Webb,160 Ohio App.3d 511, 2005-Ohio-1857, 827 N.E.2d 864, at ¶ 12, quoting Van DeRyt v. VanDeRyt (1966), 6 Ohio St.2d 31, 36, 35 O.O.2d 42, 215 N.E.2d 698. "Thus, the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common-law motion to vacate based upon the inherent power of a trial court to set aside a judgment." Miley v. STS Systems, Inc., 153 Ohio App.3d 752,2003-Ohio-4409, 795 N.E.2d 1254, at ¶ 7. An appellate *Page 8 
court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review.Muzzin v. Brooks, 168 Ohio App.3d 231, 2006-Ohio-3844, 859 N.E.2d 584, at ¶ 13; City of Columbus v. Ford, Franklin App. No. 04AP-260,2004-Ohio-5715, at ¶ 4. However, the question of waiver is a mixed question of fact and law. Board of Education v. Hayes, Donaldson,Wittenmyer Partners (June 17, 1985), Jackson App. No. 1734,1985 WL 11150; Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, 1994 WL 50696. In reviewing mixed questions of fact and law, "[t]his Court will not reverse a trial court's factual determinations when those determinations are supported by some competent and credible evidence, but we will apply a de novo standard of review to a trial court's application of the law to those facts." Trustees of WashingtonTwp. v. Davis, Pickaway App. No. 00CA28, 2001-Ohio-4058.
 {¶ 14} Because the trial court lacked personal jurisdiction over him when it entered the default judgment, Martin argues the judgment was void at its inception and he may challenge it at any time. We disagree. We have previously explained an important distinction between subject matter jurisdiction and personal jurisdiction. Subject matter jurisdiction is "the power conferred upon a court to decide a particular matter or issue on its merits." In re Shepard, Highland App. No. 00CA12, 2001-Ohio-2499, at n. 1. Because subject-matter jurisdiction defines the competency of a court to render a valid judgment, it cannot be waived. Id., citing Time Warner AxS v. Pub. Util. Comm. (1996),75 Ohio St.3d 229, 661 N.E.2d 1097. Thus, a party may raise the absence of subject matter jurisdiction at any time. State ex rel. Jones v. Suster,84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002, citing In re Byard (1996),74 Ohio St.3d 294, 296, 658 N.E.2d 735. *Page 9 
Personal jurisdiction, on the other hand, is "the power of a court to enter a valid judgment against an individual." Id., citing Meadows v.Meadows (1992), 73 Ohio App.3d 316, 596 N.E.2d 1146. A court can obtain personal jurisdiction through the service of process, a voluntary appearance, or a waiver. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156,464 N.E.2d 538; In re Shepard at n. 1. Thus, "the chief difference between subject-matter and personal jurisdiction * * * is that the former cannot be waived and may be addressed sua sponte, while the latter may be waived if not objected to upon the party's first appearance in court." Id; see also Cole v. Smith (Nov. 24, 1986) Jackson App. No. 526, 1986 WL 13416 (holding that a party may not raise the issue of personal jurisdiction for the first time on appeal).
 {¶ 15} Thus, although a judgment rendered in the absence of personal jurisdiction over the defendant is void, the court may obtain personal jurisdiction through voluntary appearance or waiver. Maryhew,11 Ohio St.3d at 156 ("In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense."); Weiss, Inc. v. Pascal, Cuyahoga App. No. 82565, 2003-Ohio-5824, at ¶ 7 (holding that the defense of personal jurisdiction is waivable and need not be raised by the trial court sua sponte); In re Billingsley, Putnam App. Nos. 12-02-07 
12-02-08, 2003-Ohio-344, at ¶ 9 (noting that personal jurisdiction is an affirmative defense that may be waived); see also Civ. R. 12(H)(1) ("A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described *Page 10 
in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.").
 {¶ 16} A court acquires personal jurisdiction over a defendant who enters a case to defend on the merits, even though that defendant had not been served with process. "By appearance for any other purpose than to object to jurisdiction, a defendant enters his general appearance to the action and voluntarily submits himself to the jurisdiction of the court, and cannot afterwards claim that the court's jurisdiction of his person has not been properly obtained." Michigan Millers MutualInsurance Co. v. Christian, 153 Ohio App.3d 299, 2003-Ohio-2455,794 N.E.2d 68, at ¶ 10. "`In other words, a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect a continuing objection to the power of the court to act over the defendant ]'s person.'" Nichols, Rogers Knipper LLP v.Warren, Montgomery App. No. 18917, 2002-Ohio-107 (quoting and adopting the trial court's judgment entry, which relied on Yeldell v. Tutt (8th Cir. 1990), 913 F.2d 533, 539.).
 {¶ 17} A defendant must raise a challenge to the trial court's personal jurisdiction over him at the earliest opportunity; otherwise, he risks a finding that he waived any defects in service, allowing a court to enter a valid personal judgment against him. See Limbaugh v.Western Ohio R. Co. (1916), 94 Ohio St. 12, 14, 113 N.E. 687
("Jurisdiction over the substituted defendant could be obtained by its voluntary appearance in the action. Such appearance was entered when its counsel appeared and contested the merits of the action after the substitution had taken place."); Long v. Newhouse (1897),57 Ohio St. 348, 49 N.E. 79 ("In order to enable a defendant to *Page 11 
object to the jurisdiction of the court over his person, the objection must be made at the earliest opportunity of the party."); In reShepard, supra ("`[A] party must assert such [a] defense in hisfirst pleading, motion, or appearance; otherwise, he waives his right to do so at a later time.'" (quoting In re Zaria Crews (July 30, 1999), Montgomery App. No. 17670, 1999 WL 960584) (emphasis in original)). See, also, Gliozzo v. University Urologists of Cleveland, Inc.,114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 11-13 (party that properly preserves the affirmative defense of insufficiency of process may actively participate in the litigation of the case without waiving the issue, but failure to raise the defense at the outset amounts to waiver).
 {¶ 18} With these principles in mind, we turn to the specific issue in this case: whether a defendant's failure for seven months to raise an objection based on personal jurisdiction can validate a prior, but invalid, judgment. There appears to be little Ohio caselaw addressing this question. The trial court relied on federal cases in arriving at its conclusion that Martin had waived the prior lack of personal jurisdiction. Under federal law it appears that a defendant may waive defects in the service of process by his post-judgment conduct, even though that judgment was invalid because the trial court lacked personal jurisdiction over the defendant. Most recently, the United States Court of Appeals for the District of Columbia Circuit noted the rationale of Rule 12(h)(1) "that defendants should raise such preliminary matters before the court's and parties' time is consumed in struggle over the substance of the suit" also applies post-judgment. Democratic Republicof Congo v. FG Hemisphere Associates, LLC (D.C. Cir. Nov. 22, 2007), Slip Op. No. 07-7045, at 4. Thus, "[w]here a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, for example, *Page 12 
courts have not hesitated to conclude that the defense is waived."Trustees of Cent. Laborers' Welfare Fund v. Lowery (7th Cir. 1991),924 F.2d 731, 732. We agree that a party may submit himself to the jurisdiction of the court by post-judgment conduct, thus waiving defects in the service of process and the court's corresponding lack of personal jurisdiction over him. A defendant may not "halfway appear in a case, giving the plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit * * *." Broadcast Music, Inc. v. M.T.S. Enterprises,Inc. (5th Cir. 1987), 811 F.2d 278, 281. In appropriate circumstances, a party may be held to have waived the defense of lack of personal jurisdiction by appearing in the action to attack a default judgment and failing to seasonably raise that defense.
 {¶ 19} Thus, we must decide whether Martin's post-judgment appearance, in which he moved to reduce his child support obligation and sought genetic testing, amounted to a waiver of the alleged failure to properly serve him. We conclude that it did. Martin's motions affirmatively sought the protections of the trial court. His motion for modification of child support asserted that "[circumstances have arisen since the date of the last child support order which warrant a modification of Defendant's child support obligation. Further, it is believed that the correct child support order would result in a 10% difference between the current Order and the correct amount." In his motion for genetic testing, Martin quotes R.C. 3111.09(A) for the proposition that "any party to an action" is entitled to an order granting a motion for genetic testing. Martin simply states that "[a] question has arisen as to whether or not the Defendant is, in fact, the natural, biological father of the minor child * * *." Neither of these motions reasonably *Page 13 
reflect an objection to the power of the court to act over the defendant's person. His assertion that the default judgment overstates his rightful obligation by 10% reasonably suggests to the opposing parties and the court that he did not otherwise contest the validity of the default judgment. His suggestion that he may not be the biological father similarly raised a defense attacking the merits of his opponent's case. Thus, he voluntarily appeared, invoked the trial court's jurisdiction, and took defensive moves that went to the substance of the case against him. See 6 Corpus Juris Secundum (1975) 22, Section 18 ("An appearance may either be express or it may arise by implication from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction * * *."). Although Martin states that he "repeatedly asserted during the hearings before the magistrate in this case and in the criminal case that he did not receive the initial complaint in this case or the subsequent pleadings, including the entry of a default judgment[,]" none of these statements appear in the record. Both the magistrate and the trial court, in orders dated June 20, 2006, and August 28, 2006, respectively, expressly found that they had personal jurisdiction, and it appears to be clear that the court and the plaintiffs believed that personal jurisdiction was not at issue before he raised the issue in December 2006.
 {¶ 20} Martin suggests in his brief that his opening gambit seeking genetic testing was because of the "urgency of making such a determination imposed by the criminal prosecution" and because of "the theory that [genetic testing] would be the most efficient method of resolving the civil and criminal complaints." We recognize the exigencies created by the criminal charges against him. However, the trial court found *Page 14 
that ACCSEA presented credible evidence that Martin became aware in September 2004 of the default judgment entered against him. He admits in his brief that he was aware of the default judgment in "late 2005," and his arraignment on the criminal charge occurred in early February 2006. Thus, Martin waited nine months from the time of his arraignment and seven months from his first appearance in the civil action before raising the issue of personal jurisdiction in December 2006. Moreover, both the magistrate and the trial court, in orders dated June 20, 2006, and August 28, 2006, respectively, expressly found that they had personal jurisdiction over the parties, and Martin raised no objection. While we agree some leeway may exist because of the sense of urgency created by the pending criminal prosecution, Martin nonetheless waited too long to raise the issue of personal jurisdiction. See DemocraticRepublic of Congo, supra ("The DRC's efforts to protect [its] properties [from execution] had a certain emergency character * * *. But of course an emergency loses some of its edge when it lasts for 13 months.").
 {¶ 21} Here, Martin filed two motions and attended a hearing accompanied by counsel before moving to vacate the default judgment many months later. Therefore, he waived his argument that the trial court lacked personal jurisdiction over him when it entered the default judgment. Cf. In re Grant (Feb. 8, 2001), Franklin App. No. 00AP-431,2001 WL 102254 ("Even in cases in which the appellate court has reversed a subsequent judgment for failure of service in the initial dependency action, the court has done so only in the absence of a subsequent waiver by the father, who had at the first opportunity attacked the validity of the dependency determination based on lack of jurisdiction." (citingIn re Zaria Crews, supra)). *Page 15 
 IV. Request for Continuance and Opportunity to Respond {¶ 22} Martin argues that the trial court erred by adopting the Magistrate's decision because the Magistrate did not continue the hearing on the motion to vacate even though his attorney telephoned the court, explained he had a conflict with another proceeding and, therefore, could not attend. We review the denial of a motion for a continuance for abuse of discretion. State v. Nayar, Lawrence App. No. 07CA6, 2007-Ohio-6092, at ¶ 29. "`[A]buse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id.
 {¶ 23} While it is clear Martin's counsel made the phone call, he never filed a written motion to continue the hearing, nor did he move for a continuance on the record. Civ. R. 7(B)(1) provides:
 An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
Thus, Martin technically never moved for a continuance. In any case, the Magistrate's Decision explained that "[j]ustice requires that the validity of this judgment be determined as expeditiously as possible" because Martin's pending criminal proceeding was set for trial in the coming weeks, and those charges depended on the validity of the civil judgment. ACCSEA appeared with its witness, and Chiki's representative attended the hearing; there was, therefore, at least some inconvenience to the opposing parties as well as to the court. Martin asserts he was prejudiced because he was unable to present sworn testimony that he never received service of process before the entry of the default judgment. However, our conclusion that Martin waived that defense renders *Page 16 
the question of whether he actually received service moot. Given Martin's failure to move for a continuance, the urgency created by the pending criminal trial, and Martin's failure to demonstrate any prejudice, we cannot conclude that the trial court abused its discretion in adopting the Magistrate's Decision.
 {¶ 24} Martin also argues that the trial court erred by adopting the Magistrate's decision because the Magistrate denied him the opportunity to respond to ACCSEA and Chiki's responsive memoranda. He contends that the Magistrate unfairly allowed the ACCSEA and Chiki to file untimely memoranda responding to his motion to vacate. The only authority he puts forward for the proposition that their responsive memoranda were untimely is Athens Loc. R. 10.01. However, Martin concedes in his brief — as he did before the trial court — that Loc. R. 10.01 does not apply to motions filed in domestic matters. Furthermore, the record does not show that Martin raised any objection to the Magistrate's scheduling order providing that all parties could file responsive memoranda until the day before the hearing. Having failed to object to this schedule or to request additional time to file his reply, he has waived any error regarding these filing dates. Moreover, any prejudice to Martin was minimal given the fact that the trial court allowed him to file objections to the Magistrate's decision with a supporting memorandum as well as a reply to ACCSEA's response. Martin does not explain how he was denied the opportunity to be heard, but instead stands upon the asserted procedural error without demonstrating prejudice.
 {¶ 25} For these reasons, his third assignment of error is overruled.
 JUDGMENT AFFIRMED. *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.
[1] Although Martin captioned his motion as a "Motion to Dismiss," the trial court construed his motion as one to vacate the prior judgment. Martin has not asserted any error regarding the trial court's construction of his motion. *Page 1