[Cite as *Progressive Direct Ins. Co. v. Williams*, 2022-Ohio-887.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

PROGRESSIVE DIRECT
INSURANCE CO., ET AL.,

      PLAINTIFFS-APPELLEES,               CASE NO. 9-21-26

      v.

PAUL WILLIAMS,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 20 CV 264

Judgment Reversed and Cause Remanded

Date of Decision: March 21, 2022

APPEARANCES:

    *Jacqueline Gutter* for Appellant

    *Nadia N. Traxler* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Paul M. Williams ("Williams"), appeals the July 14, 2021 judgment of the Marion County Court of Common Pleas denying Williams's motion to vacate the default judgment in favor of plaintiffs-appellees, Progressive Direct Insurance Company ("Progressive") and William L. Lindsay ("Lindsay") (collectively, "plaintiffs"). For the reasons that follow, we reverse.

{¶2} This case arises from a multi-vehicle accident, which occurred on April 18, 2018 in Marion County, Ohio. As relevant to this case, there is no dispute that the vehicle operated by Williams collided with the vehicle, which was owned by Lindsay, and was being operated Olivia Lindsay, who is not party to this case. On July 22, 2020, the plaintiffs filed a complaint alleging a claim for negligence against Williams and requesting $109,585.74 in damages. (Doc. No. 1). Because Williams did not file an answer to the complaint, the plaintiffs filed a motion for default judgment on December 11, 2020. (Doc. No. 3). The trial court granted the plaintiff's motion for default judgment on December 14, 2020. (Doc. No. 4).

{¶3} On July 12, 2021, Williams field a motion requesting that the trial court vacate the default judgment for the reason that the trial court was without personal jurisdiction to enter judgment against him. (Doc. Nos. 14, 15). Importantly, Williams requested a hearing on his motion to vacate the default judgment. (Doc.

No. 15). On July 14, 2021, the trial court denied Williams's motion to vacate the default judgment without a hearing. (Doc. No. 16).

{¶4} Williams filed his notice of appeal on August 13, 2021. (Doc. No. 17). He raises three assignments on appeal, which we will discuss together.

**Assignment of Error No. I**

**The trial court erred as a matter law [sic] by exercising personal jurisdiction over Mr. Williams when Progressive failed to comply with the Civil Rules.**

**Assignment of Error No. II**

**The trial court should have granted the motion to vacate when Mr. William's [sic] filed an unopposed motion and affidavit stating he was not served and the docket showed the Clerk issued a notice of failure of service.**

**Assignment of Error No. III**

**The trial court erred in denying Mr. Williams' Motion to Vacate without a hearing.**

{¶5} In his assignments of error, Williams argues that the trial court abused its discretion by denying his motion to vacate the trial court's default judgment without a hearing. In particular, Williams contends that "a certified mail receipt marked 'C-19' and lacking [a] defendant's signature or initials [does not] constitute[] valid service of process." (Appellant's Brief at 1).

*Standard of Review*

{¶6} Generally, "[a] trial court's decision regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion." *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 9, citing *C & W Inv. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 7. An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶7} """It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant."" *Britton v. Britton*, 4th Dist. Washington No. 18CA10, 2019-Ohio-2179, ¶ 12, quoting *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, ¶ 13, quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). """It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."" *Id.*, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183 (1990), quoting *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956).

{¶8} "'An appellate court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review.'" *Id.*

at ¶ 13, quoting *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 13. "However, '[a] reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion.'" *Id.*, quoting *Beaver v. Beaver*, 4th Dist. Pickaway No. 18CA5, 2018-Ohio-4460, ¶ 8. Again, for this court to conclude that the trial court abused its discretion, we must find that it acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.3d at 219.

{¶9} Here, we conclude that the trial court abused its discretion by denying Williams's motion to vacate the default judgment *without* a hearing. That is, based on the specific facts and circumstances of this case, we conclude that the trial court's conclusion (without a hearing) that service was proper in this case was unreasonable, arbitrary, and unconscionable.

{¶10} "'The plaintiff bears the burden of obtaining proper service on a defendant.'" *Britton* at ¶ 14, quoting *Beaver* at ¶ 9. A rebuttable presumption "'of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process.'" *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, ¶ 20, quoting *Poorman v. Ohio Adult Parole Auth.*, 4th Dist. Pickaway No. 01CA16, 2002 WL 398721, *2, citing *Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist.1992).

**{¶11}** "To rebut the presumption of proper service, '"the other party must produce evidentiary-quality information demonstrating that he or she did not receive service."'" *Britton* at ¶ 15, quoting *Hendrickson* at ¶ 32, quoting *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390 and 98423, 2013-Ohio-29, ¶ 51. "In determining whether a defendant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of non-service." *TCC Mgt., Inc.*, 2005-Ohio-4357, at ¶ 15. Generally, "'[a] trial court is not required to give preclusive effect to a movant's sworn statement that [the movant] did not receive service of process when the record contains no other indication that service was ineffectual.'" *Britton* at ¶ 15, quoting *TCC Mgt., Inc.* at ¶ 15. However, there can be circumstances under which "such a sworn statement at least warrants the trial court conducting a hearing to determine the validity of the movant's statement." *TCC Mgt., Inc.* at ¶ 15, citing *Wilson's Auto Serv., Inc. v. O'Brien*, 10th Dist. Franklin No. 92AP-1406, 1993 WL 54667, *1 (Mar. 4, 1993). *See also id.* (suggesting that "a trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing"), citing *Wilson's Auto Serv., Inc.* at *1 and *Baumann v. Purchase Plus Buyer's Group, Inc.*, 10th Dist. Franklin No. 01AP-297, 2001 WL 1511991, *3 (Nov. 29, 2001). *But see New Co-*

*Operative Co. v. Liquor Control Comm.*, 10th Dist. Franklin No. 01AP-1124, 2002-Ohio-2244, ¶ 9 (noting that "[a]n affidavit, by itself, stating that appellant did not receive service, may not be sufficient to rebut the presumption without any other evidence of a failure of service").

{¶12} "Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail." *TCC Mgt., Inc.* at ¶ 11. Under "Civ.R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person." *Id.* *See also* Civ.R. 4.6. "Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf." *TCC Mgt., Inc.* at ¶ 11. *See also CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 1st Dist. Hamilton No. C-210003, 2021-Ohio-3428, ¶ 9 ("The "any person" language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly."). "When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *TCC Mgt., Inc.* at ¶ 11, citing *New Co-Operative Co.* at ¶ 8. "Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent." *Id.*, citing *New Co-Operative Co.* at ¶ 8.

{¶13} In response to the Covid-19 pandemic, the United States Postal Service ("USPS") "modified mail procedures for services that normally required carriers to venture in close proximity to customers." *CUC Properties* at ¶ 3, citing United States Postal Service, *Covid-19 Continuity of Operations Update*, https://about.usps.com/newsroom/service-alerts/pdf/usps-continuity-of-operations-03-20-2020.pdf (accessed Sept. 16, 2021). "In lieu of face-to-face signatures, USPS instructed its carriers to maintain a safe distance, ask the recipient for their first initial and last name, enter that information on the return receipt, and then have the customer step back while the employee placed the mail in an appropriate place." *Id.* *See also Finnell v. Eppens*, S.D.Ohio No. 1:20-CV-337, 2021 WL 2280656, *2 (June 4, 2021) (noting that the USPS "adopted a signature policy for certified mail in response to the COVID-19 pandemic," which "instructed its delivery personnel to ensure that someone was at the address to receive the letter, to ask that person for their name, and to then leave the letter where the person could get it").

{¶14} Shortly thereafter, the Supreme Court of Ohio instituted an administrative action, which authorized Ohio's courts of common pleas the power to waive any rule requiring in-person service of process. *See CUC Properties* at ¶ 13. Importantly, that administrative action authorized that "[a]ny requirement in a rule of the Court that a party appear in person or requiring in-person service may be waived by the Court, local court, hearing panel, board, or commission, as

applicable." *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 1448, 2020-Ohio-1166.

{¶15} Here, the record reflects that the plaintiffs attempted service via certified mail on July 24, 2020, and that return of service was received in the trial court on July 31, 2020 (as evidenced by a certified-mail receipt signed "C19"). (Doc. Nos 1, 2). Notwithstanding the certified-mail receipt, the trial court's clerk of courts notified the plaintiffs on August 3, 2020 that service was "unsuccessful" because the certified-mail receipt was signed "C19." (Doc. No. 2). Thereafter, the trial court issued an order on August 28, 2020 in accordance with the USPS certified-mail policy and the Supreme Court's administrative action authorizing it to waive in-person service of process. (Doc. No. 16). *See, e.g.*, *CUC Properties* at ¶ 13 (recognizing Ohio courts of common pleas that adopted "a variety of rules to accommodate alternative certified mail signatures"); *Finnell* at *5 (acknowledging a similar order issued by the federal court). Specifically, the trial court concluded that "by marking COVID 19 comports with Rule 4.1(A)(1)(a) and due process" and ordered that the "practice by the [USPS] will be treated as good service by" the trial court. (Doc. No. 16). However, the trial court did not state whether its order should be applied *retroactively*. *Accord Finnell* at *5 (noting that "while that order was

'effective immediately,' the Court did not even purport to order retroactive application").

{¶16} In this case, Williams asserted in his motion to vacate that he was never served with the complaint. In support of that assertion, Williams included an affidavit in which he averred that that he did not receive the complaint and that no one in his "household received or signed for the complaint * * * ." (Doc. No. 15). Before providing the plaintiffs an opportunity to respond, the trial court denied Williams's motion to vacate without a hearing.

{¶17} On appeal, Williams argues that the trial court abused its discretion by denying his motion to vacate *without a hearing* and by concluding that service was proper in this case because, in part, the clerk of courts determined that service of process was unsuccessful. A legal determination as to the validity of a signature on a certified-mail receipt by a clerk of courts does *not* determine whether a court has personal jurisdiction over a party. Furthermore, the case to which Williams directs this court to suggest that it does is misplaced. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984) (noting in the statement of facts that the clerk of courts notified a party that service "was returned by the postal authorities marked 'unknown'").

{¶18} Instead, based on the specific facts and circumstances of this case, the "flexible" concept of the "any person" language of Civ.R. 4.1 coupled with Williams's sworn statement *at least* warrants a hearing for the trial court to

determine whether it had personal jurisdiction over Williams. *See TCC Mgt., Inc.*, 2005-Ohio-4357, at ¶ 15. In other words, Williams's sworn statement along with the certified-mail receipt marked "C19" is sufficient evidence to merit a hearing during which the trial court can more fully explore whether the plaintiffs met their burden of showing whether proper service occurred in this case and, if so, whether Williams can rebut the presumption that he was properly served. Furthermore, while this court is cognizant of the unusual circumstances presented by the pandemic and empathizes with the courts attempting to manage these extraordinary conditions, we also recognize the importance of developing a full and complete record to best serve the interests of justice.

{¶19} Consequently, we conclude that the trial court's conclusion that service was proper in this case was unreasonable, arbitrary, and unconscionable. Thus, the trial court abused its discretion by denying Williams's motion to vacate the default judgment without a hearing.

{¶20} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**