[Cite as *Versa-Pak, Ltd. v. Sispack Corp.*, 2025-Ohio-5462.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

VERSA-PAK LTD.,

    PLAINTIFF-APPELLEE,

  v.

SISPACK CORP.,

    DEFENDANT-APELLANT.

CASE NO. 10-25-10

OPINION AND
JUDGMENT ENTRY

Appeal from Mercer County Common Pleas Court
Civil Division
Trial Court No. 20-CIV-069

Judgment Affirmed

Date of Decision: December 8, 2025

APPEARANCES:

    *Steven Diller* for Appellant

    *Christopher J. Ellington* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Sispack Corp. ("Sispack"), appeals the April 1, 2025 judgment of the Mercer County Common Pleas Court denying a motion to vacate the default judgment that had previously been entered in the trial court against Sispack and in favor of plaintiff-appellee, Versa-Pak, Ltd. ("Versa-Pak"). For the reasons set forth below, we affirm.

*Procedural History and Relevant Facts*

{¶2} This case originated on September 22, 2020, when Versa-Pak filed a complaint for money damages against Sispack in the trial court. The complaint alleged that Versa-Pak is a limited liability company organized to do business in the State of Ohio, with its principal office in Mercer County. The complaint alleged that Sispack is a corporation organized in the State of North Carolina, that Sispack had conducted business with Versa-Pak in the State of Ohio, and that Sispack had failed to pay Versa-Pak for materials and products purchased on account. The first claim for relief alleged that Sispack owed $70,437.29 to Versa-Pak upon account. A second claim for relief alleged the same background facts and asserted that Sispack had breached an oral contract to pay for items purchased and received from Versa-Pak and that Versa-Pak had been damaged by Sispack's breach of contract in the amount of $70,437.29. A third claim for relief asserted, on the basis of the same alleged facts, that Sispack had been unjustly enriched in the amount of $70,437.29

as a result of Sispack's failure to pay for materials and products purchased from Versa-Pak. On those bases, Versa-Pak demanded judgment against Sispack in the sum of $70,437.29, plus interest, costs, and attorney's fees.

{¶3} An initial attempt at service of the complaint and summons by certified mail at Sispack's U.S. Post Office box in Denver, North Carolina was unsuccessful.[1] On November 19, 2020, a second attempt at service by certified mail was requested by Versa-Pak, addressed in care of Jeffery Sisterhen, the owner and agent of Sispack, to be delivered at Sisterhen's home located at 3527 Governors Island Drive in Denver, North Carolina. On November 30, 2020, a certified mail return receipt, commonly referred to as a "green card", was received by the trial court from the U.S. Postal Service. That green card noted a date of delivery of November 23rd with "C19" written in the signature portion of the green card, and a further notation, "DSPR6", written in the portion of the card labeled "Received by (Printed Name)".

{¶4} After Sispack failed to respond to the complaint within twenty-eight days of November 23, 2020, Versa-Pak filed a motion for default judgment on December 30, 2020. On January 13, 2020, Versa-Pak filed the affidavit of Andrea Green, Chief Strategy Officer of Versa-Pak. That affidavit averred that, following a credit of $1,106.00 given to Sispack by Versa-Pak since the filing of the complaint, Sispack continued to owe Versa-Pak the sum of $69,331.29.

---

[1] On December 29, 2020, the trial court received notice from the U.S. Postal Service that the initial set of documents sent by certified mail to Sispack's post office box went unclaimed.

{¶5} On January 14, 2021, the trial court filed a judgment entry granting default judgment in favor of Versa-Pak. In that judgment entry, the trial court found that all necessary parties were properly before the court, with Sispack having been served with summons and a copy of the complaint. Based on Sispack's failure to answer or otherwise respond to the complaint, the trial court found the allegations contained in the complaint to be true and, taking into account the $1,106.00 credit having been given Sispack, the trial court found Versa-Pak was entitled to a finding of default on account in the amount of $69,331.29 and granted judgment against Sispack in that amount.

{¶6} On May 11, 2021, following a request filed by Versa-Pak on May 10, 2021, the trial court issued an order of garnishment for funds in a bank account owned by Sispack with Branch Banking & Trust ("BB&T").

{¶7} On June 7, 2021, Sisterhen filed a request for a hearing, disputing the garnishment order. In that request, Sisterhen alleged that he was never served any summons relating to the lawsuit and that he only became aware of the case when he received the judgment in the mail.

{¶8} On June 11, 2021, as a result of Sisterhen's request for a hearing, the trial court assigned the garnishment matter for hearing on July 12, 2021. The assignment notice filed by the trial court on June 11, 2021 ordered that counsel and Sisterhen appear for the hearing on July 12, 2021.

{¶9} On July 14, 2021, the trial court filed a judgment entry continuing the garnishment hearing. That judgment entry reflected that Sispack had failed to appear at the July 12, 2021 hearing and, further, that the garnishee had not filed an answer to the garnishment. The judgment entry noted that, upon representation by Versa-Pak's counsel, the garnishee was processing the garnishment and an answer was forthcoming. Accordingly, the trial court ordered that the garnishment hearing be continued until August 16, 2021.

{¶10} On July 26, 2021, the bank filed an answer and deposited with the trial court a check in the amount of $6,562.16.

{¶11} On August 23, 2021, the trial court filed a judgment entry ordering that the garnishment proceeds of $6,562.16 received from Sispack via Branch Banking & Trust be disbursed to Versa-Pak, less poundage and court costs.

{¶12} On February 11, 2022, Versa-Pak filed a motion requesting the trial court issue an order requiring Sisterhen to appear and show cause why he should not be held in contempt for violating the court's garnishment order. The contempt motion was based on the allegation that on May 14, 2021, after Sisterhen had received the trial court's garnishment order, but prior to the bank receiving it, $76,000.00 had been transferred from Sispack's BB&T bank account into a different account owned by Sisterhen and his wife, Dara Sisterhen, leaving just $6,500.00,

approximately, in the Sispack bank account that was subject to the garnishment order.

{¶13} On February 16, 2022, the trial court filed a judgment entry ordering that Sisterhen, as the agent of Sispack, appear before the trial court on March 15, 2022 and show cause as to why he should not be held in contempt of court. The trial court ordered that the clerk serve that order on Sisterhen by certified mail at 3527 Governors Island Drive, in Denver, North Carolina.

{¶14} On February 23, 2022, the trial court filed a tracking report from the U.S. Postal Service, reflecting that the trial court's show cause order and related documents had been delivered on February 19, 2022 at 3527 Governors Island Drive. However, on March 15, 2022, Sisterhen did not appear as ordered at the show cause hearing.

{¶15} On March 23, 2022, Versa-Pak filed a motion in contempt, asserting that Sisterhen was in contempt of court for failing to appear at the show cause hearing as ordered, and requesting that the trial court find Sisterhen in contempt of court and issue a bench warrant for his arrest.

{¶16} On March 24, 2022, the trial court filed a judgment entry finding Sisterhen in contempt of court and ordering that a warrant be issued for his arrest.

{¶17} On October 14, 2022, Sispack filed a motion to vacate the default judgment entered by the trial court on January 14, 2021. That motion further

requested that the previously garnished funds be returned to Sispack, and asked that the bench warrant issued against Sisterhen be withdrawn. The memorandum filed in support of the motion argued that the default judgment should be vacated due to lack of personal jurisdiction over Sispack, based on the claim that Sisternhen had not received notice of the lawsuit and only became aware of it when he received a copy of the judgment.

{¶18} On June 9, 2023, the trial court held an evidentiary hearing on Sispack's motion to vacate judgment. At the hearing, Sisterhen and his wife testified that they were both in Tennessee visiting family during the week of November 23, 2020, the date on which the certified mail return receipt issued by the U.S. Postal Service indicated that the complaint and summons had been delivered at Sisterhen's home at 3527 Governors Island Drive in Denver, North Carolina. Sisterhen and his wife further testified that neither of them ever received the certified mail delivery from Versa-Pak in the mail at their residence, and that no other persons lived at their residence or would have been there to receive mail in the Sisterhens' absence.

{¶19} On April 1, 2025, the trial court filed a judgment entry denying Sispack's motion to vacate the default judgment. In that decision, the trial court found that the certified mail return receipt dated November 23, 2020 created a rebuttable presumption that the complaint had been received by someone at

Sisterhen's residence on that date. The trial court also found that the testimony given by Sisterhen and his wife at the June 9, 2023 hearing was not credible and that Sispack had therefore failed to rebut the presumption of proper service.

{¶20} On April 30, 2025, Sispack filed the instant appeal, in which two assignments of error are raised.

### First Assignment of Error

**The trial court erred in finding that as a matter of the facts and law valid service was obtained upon the Defendant-Appellant.**

### Second Assignment of Error

**The trial court erred in failing to order the return of the garnished funds to the Defendant-Appellant.**

{¶21} As the two assignments of error raised by Sispack are based on the same claim that the trial court erred in denying Sispack's motion to vacate the default judgment entered against it, we shall jointly address the two assignments of error.

{¶22} In support of both assignments of error, Sispack argues that the default judgment entered against it should have been vacated by the trial court due to the lack of valid service of the complaint in this case. Sispack's position is that the default judgment was, and is, void *ab initio* because the trial court never acquired jurisdiction over Sispack. More specifically, Sispack argues the trial court lacked jurisdiction over it because service of the summons and complaint by certified mail

on the corporation's agent, Jeffery Sisterhen, was defective. Sispack asserts that the record fails to establish that the summons and complaint were actually delivered to Sisterhen at his home address.

**{¶23}** Generally, an appellate court reviews the denial of a motion to vacate a void judgment under an abuse of discretion standard, but a trial court's determination of whether personal jurisdiction over a party exists is reviewed under a de novo standard of review. *Progressive Direct Ins. Co. v. Williams*, 2022-Ohio-887, ¶¶ 6-8 (3d Dist.). However, a reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion. *Id.*, at ¶ 8.

**{¶24}** Relief from judgment in civil cases is typically sought pursuant to Civ.R. 60. However, in addition to the grounds for relief prescribed by Civ.R. 60, Ohio courts possess the inherent power to vacate a judgment that was void *ab initio*. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988). Where service of process has not been accomplished, any judgment is void *ab initio. Hoffman v. New Life Fitness Centers, Inc.*, 116 Ohio App. 3d 737, 739 (3d Dist. 1996). "When service is not properly made under Civ.R. 4 to 4.6, the trial court lacks jurisdiction over the defendant who was not properly served; consequently, any judgment issued against that defendant is void." *Treasurer of Lucas Cty. v. Mt. Airy Investments Ltd.*, 2019-Ohio-3932, ¶ 12 (6th Dist.).

{¶25} As this Court explained in *Progressive Direct Ins. Co.*, *supra*, when presented with a claim similar to that raised in the instant case:

> "'The plaintiff bears the burden of obtaining proper service on a defendant.'" *Britton* [*v. Britton,* 2019-Ohio-2179,] at ¶ 14, quoting *Beaver* [*v. Beaver*, 2018-Ohio-4460,] at ¶ 9. A rebuttable presumption "'of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process.'" *Bader v. Ferri*, 3d Dist. Allen No. 1-13-01, 2013-Ohio-3074, 2013 WL 3776546, ¶ 20, quoting *Poorman v. Ohio Adult Parole Auth.*, 4th Dist. Pickaway No. 01CA16, 2002 WL 398721, *2, citing *Potter v. Troy*, 78 Ohio App.3d 372, 377, 604 N.E.2d 828 (2d Dist.1992).
>
> "To rebut the presumption of proper service, "'the other party must produce evidentiary-quality information demonstrating that he or she did not receive service.""'" *Britton* at ¶ 15, quoting *Hendrickson* at ¶ 32, quoting *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390 and 98423, 2013-Ohio-29, 2013 WL 118918, ¶ 51. "In determining whether a defendant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of non-service." *TCC Mgt., Inc.*, 2005-Ohio-4357, at ¶ 15 [(10th Dist.)]. Generally, "'[a] trial court is not required to give preclusive effect to a movant's sworn statement that [the movant] did not receive service of process when the record contains no other indication that service was ineffectual.'" *Britton* at ¶ 15, quoting *TCC Mgt., Inc.* at ¶ 15.

*Id*., at ¶¶ 10-11.

{¶26} Ohio's Civ.R. 4.3 permits out-of-state service of process on non-resident defendants in causes of action arising from several enumerated circumstances, including a nonresident's "[t]ransacting any business in this state." Civ.R. 4.3(A)(1). Pursuant to Civ.R. 4.3(B)(1), "[t]he clerk may make service of

process or other documents to be served outside the state in the same manner as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3)."

**{¶27}** The version of Civ.R. 4.1 in effect at all times relevant to this case provided in pertinent part:

**(A) Service by Clerk.**

(1) *Methods of Service.*

(a) Service by United States Certified or Express Mail. Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

**{¶28}** Under Civ.R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person, and "'Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf.'" *Progressive Direct Ins. Co.*, *supra*, quoting *TCC Mgt., Inc. v. Clapp*, 2005-Ohio-4357, ¶ 11 (10th Dist.). *See also CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, ¶ 9 (1st Dist.) ("The 'any person' language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly.").

{¶29} "'When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.'" *Progressive Direct Ins. Co.*, at ¶ 12, quoting *TCC Mgt., Inc.*, at ¶ 11, citing *New Co-Operative Co. v. Liquor Control Com'n.*, 2002-Ohio-2244, ¶ 8 (10th Dist.). "'Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent.'" *Id.* Compliance with the foregoing rules creates a rebuttable presumption of proper service. *State Auto Ins. of Ohio v. Wilson*, 2020-Ohio-4456, ¶ 7 (9th Dist.).

{¶30} As reflected by several Ohio appellate court decisions, review of the adequacy of service of process via certified mail was complicated by the onset of the COVID-19 pandemic in early 2020. In response to the pandemic, "the United States Postal Service ("USPS") 'modified mail procedures for services that normally required carriers to venture in close proximity to customers.'" *Progressive Direct Ins. Co.*, at ¶ 13, quoting *CUC Properties*, at ¶ 3. "'In lieu of face-to-face signatures, USPS instructed its carriers to maintain a safe distance, ask the recipient for their first initial and last name, enter that information on the return receipt, and then have the customer step back while the employee placed the mail in an appropriate place.'" *Id. See also Finnell v. Eppens*, S.D. Ohio No. 1:20-cv-337, 2021 WL 2280656 (June 4, 2021) (explaining that in response to the pandemic the

postal service adopted a signature policy for certified mail in which "the USPS instructed its delivery personnel to ensure that someone was at the address to receive the letter, to ask that person for their name, and to then leave the letter where the person could get it" and then the mail carrier would complete the return receipt).

{¶31} In one decision on the issue, the First District Court of Appeals concluded that a designation such as "Covid 19" or "C19" on a certified mail return receipt signature line was insufficient to establish valid service under Civ.R. 4.1(A). *Cuc Properties VI, L.L.C. v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, ¶ 15 (1st Dist.). Similarly, in *In re Adoption of M.J.A.*, 2022-Ohio-3275 (12th Dist.), the Twelfth District Court of Appeals affirmed a trial court's decision vacating an adoption decree where the child's biological mother averred she did not receive notice of the adoption petition and the certified mail return receipt contained only a squiggly line directly above a "C-19" notation.

{¶32} In *Progressive Direct Ins. Co. v. Williams*, 2022-Ohio-887 (3d Dist.), this Court reversed a denial of a motion to vacate judgment where the defendant averred in an affidavit that he did not did not receive the complaint and the certified mail return receipt for the complaint had "C19" on the signature line. However, our reversal in that case was based solely on the fact that the trial court failed to hold a hearing on the defendant's motion prior to overruling it. Specifically, we found that "Williams's sworn statement along with the certified-mail receipt marked 'C19'

is sufficient evidence to merit a hearing during which the trial court can more fully explore whether the plaintiffs met their burden of showing whether proper service occurred in this case and, if so, whether Williams can rebut the presumption that he was properly served." *Id.*, at ¶ 18.

{¶33} In the instant case, as previously noted, the record reflects that Versa-Pak attempted service on Sispack at Sisterhen's home address via certified mail on November 19, 2020, and that a certified mail return receipt was received by the trial court on November 30, 2020. The certified mail return receipt reflected a date of delivery of November 23rd with "C19" written in the signature portion of the green card, and a further notation, "DSPR6", written in the portion of the card labeled "Received by (Printed Name)".

{¶34} Relying upon *Cuc Properties VI, L.L.C., supra*, in combination with the testimony of Sisterhen and his wife that the certified mail was not received by them at their home, Sispack argues that the trial court erred in finding that valid service on Sispack had been made in this case. We disagree.

{¶35} We find the facts of the instant case to be distinguishable from those in *Cuc Properties VI, L.L.C., supra*, upon which Sispack relies. While the certified mail return receipt in this case did contain the notation of "C19" in the signature portion of the receipt, which was found to be insufficient compliance with Civ.R. 4.1 in *Cuc Properties VI, L.L.C.*, the portion of the receipt labeled "Received by

(Printed Name)" in the case before us also contained a handwritten notation of "DSPR6". There is nothing in the record of this case establishing that the "DSPR6" signature on the return receipt was made by the postal carrier and, while the "DSPR6" is somewhat cryptic, the record established that "DS" are the initials of Sisterhen's wife, who resided at the address in question, and therefore the receipt provided an indication of who received the delivery.

{¶36} Additionally, among the evidence presented at the June 9, 2023 hearing on Sispack's motion to vacate judgment was Plaintiff's Exhibit 8, a printout from the U.S. Postal Service's tracking service, with a tracking number matching that of the package of documents sent via certified mail to Sisterhen at his home address. Plaintiff's Exhibit 8 reflects that the documents in question were "[d]elivered, [l]eft with individual" at 4:41 p.m. on November 23, 2020.

{¶37} We find the above facts to be more akin to those in *Cincinnati Ins. Co. v. Hall*, 2022-Ohio-1112 (2d Dist.), in which the Second District Court of Appeals found that the trial court had erred in finding invalid service of process. *Id.*, at ¶ 3. In *Cincinnati Ins. Co.*, an electronic return receipt indicated the certified mail containing the summons and complaint was delivered and left with an individual. *Id.*, at ¶ 5. The signature line on the return receipt "contain[ed] illegible letters but ha[d] been completed," and the address line "contain[ed] illegible markings that appear[ed] to begin with the number '10' followed by the letter

'B.'" *Id.* The Second District noted that valid service by certified mail does not require a signature from a defendant or an authorized agent, and that valid service is presumed when any person at the defendant's address signs the return receipt. *Id.*, at ¶ 15. The appellate court found no evidence to suggest the illegible signature was made by the mail carrier. *Id.* at ¶ 21. Therefore, the Second District concluded the return receipt was minimally sufficient on its face to create a rebuttable presumption of valid service. *Id.*, at ¶ 22.

{¶38} In the instant case, we also note that it is undisputed that Sisterhen and his wife resided at the address where delivery was indicated by the postal service to have been made. Additionally, the November 19, 2020 request by Versa-Pak for service by certified mail contained fully accurate information with regard to Sisterhen's name and address, as did the certified mail return receipt.

{¶39} While the Sisterhens testified that they had been out of town on November 23, 2020, and that no other persons were present at their residence on that date who could have received the delivery, the trial court specifically found that the testimony given by Sisterhen and his wife was not credible. While that finding relating to credibility is well within the discretion of the trial court, the record supports the trial court's determination that the Sisterhens lacked credibility.

{¶40} In summary, based on the specific facts and circumstances of this case, and bearing in mind the "flexible" concept of the "any person" language of Civ.R.

4.1, we conclude that the trial court did not err in finding that Versa-Pak had met its burden in establishing a prima facie case of delivery to the addressee, nor did the trial court err in determining that Sispack had not rebutted the presumption that it had been validly served. For those reasons, the trial court did not err in denying Sispack's motion to vacate the default judgment and subsequent garnishment.

{¶41} The two assignments of error are overruled.

*Conclusion*

{¶42} Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment entered in the Mercer County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 10-25-10

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm